## 64201. KIMSEY v. THE STATE.

SOGNIER, Judge.

1. Burglary. Kimsey contends that the trial court's charge on recent, unexplained possession of stolen property was confusing, created a mandatory presumption and shifted the burden of persuasion to appellant. The trial court charged the jury as follows: "Where a burglary has been committed and soon thereafter goods from the burglarized premises are found in the possession of one who is unable to account for their possession, it raises the presumption of his guilt and a verdict of guilty is authorized." The court also charged the jury that this presumption is rebuttable. This charge is a correct statement of the law. *Evans v. State,* 156 Ga. App. 162 (275 SE2d 341) (1980).

The court also charged the jury as follows: "I charge you that where stolen goods are found in the possession of defendants charged with burglary recently after the commission of the offense that fact would authorize the jury to infer that the accused was guilty, unless he explains his possession to their satisfaction. It is within the jury's province to believe the defendant's explanation of the possession advanced at trial is not a reasonable or satisfactory one." This charge is almost identical to the legal principles approved and restated by this court in *Rutledge v. State,* 142 Ga. App. 399, 400 (1) (236 SE2d 143) (1977).

The court also charged the jury properly on circumstantial evidence, the state's burden to prove appellant's guilt beyond a reasonable doubt and the presumption of innocence. However, appellant contends the court's charge on recent possession of stolen property improperly shifted the burden of persuasion to him.

As stated previously, the trial court informed the jury that the presumption concerning recent possession of stolen property was rebuttable. "Thus, even if the jury found the defendant was in 'recent, unexplained possession' of the stolen goods, the permissive presumption did not require them to convict." *Williamson v. State,* 248 Ga. 47, 57 (281 SE2d 512) (1981). As stated in *Williamson,* the

presumption of recent, unexplained possession of stolen goods is permissive, not mandatory as contended by appellant. A permissive presumption places no burden of any kind on the defendant. *Skrine v. State,* 244 Ga. 520, 521 (260 SE2d 900) (1979); *Carpenter v. State,* 160 Ga. App. 94, 95 (286 SE2d 329) (1981). Hence, this enumeration is without merit.

2. Appellant contends that the state failed to establish the identity of the stolen goods beyond reasonable doubt, and also failed to prove beyond a reasonable doubt that appellant was in possession of stolen goods. We do not agree.

The evidence disclosed that the home of C. S. Ranew in Dougherty County, Georgia, was burglarized on February 1, 1981, and all the guns and silverware in Ranew's house were taken. The following morning appellant and another man entered a gold and silver dealer's store in Tallahassee, Florida. The man accompanying appellant was carrying a bag full of silverware which he wanted to sell. As the man with appellant had no identification, appellant used his driver's license for identification and the purchase order for the silverware was written up in appellant's name. Because the man with appellant had no identification the dealer was suspicious and the police were notified. They picked up the silverware, notified police in Dougherty County, and returned the silverware to them based on appellant's identification as the seller of the silverware. The silverware matched the items of silverware piece by piece with those shown on the inventory of stolen items taken from Ranew's home. Mr. Ranew also identified a silver baby spoon positively as one of the items stolen from his home.

Appellant testified and acknowledged that he had sold the silverware in Tallahassee, but denied committing the burglary and denied knowing that the silverware was stolen. He testified that he met a friend, Ted Atkins, while appellant was drinking in a place called Big Frank's. After drinking a few beers together Atkins asked appellant if he knew of a place to sell some silver, and appellant recommended Tallahassee. They drove to Tallahassee in Atkins' car; enroute, appellant asked Atkins if the silver was "hot," and he replied that it was not. Appellant volunteered to use his identification for the sale after learning that Atkins had no identification. Appellant received no money from the sale, and had nothing to do with the silverware.

The evidence relating to the actual burglary of which appellant was convicted was all circumstantial. However, one piece of the silverware was identified positively as an item taken in the burglary of Ranew's house. Any question of identity of the remainder of the silverware goes to the weight of the evidence relating to

identification, and the weight of the evidence is a question for the jury. *Armour v. State,* 154 Ga. App. 740 (270 SE2d 22) (1980).

The trial court charged the jury fully on circumstantial evidence, parties to a crime and credibility of witnesses. The evidence was sufficient to show that appellant was, at the very least, in constructive possession of the silverware, and "[w]hether every reasonable hypothesis except that of guilt of the defendant has been excluded is a question for the jury where the jury is properly instructed on circumstantial evidence." *Sullivan v. State,* 144 Ga. App. 256, 257 (241 SE2d 42) (1977). The court in *Sullivan* went on to state that "on appeal this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict." P. 258 (1). The competent evidence in the transcript more than supports the finding of guilty, and we find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 14, 1982 —
REHEARING DENIED NOVEMBER 12, 1982 —

*John M. Vansant, Jr.,* for appellant.
*Hobart M. Hind, District Attorney, John W. Hogg, Assistant District Attorney,* for appellee.