## 66330. BARRETT v. THE STATE.

DEEN, Presiding Judge.

Daniel Barrett appeals from his conviction of burglary contending that the trial court erred in denying his motion for a directed verdict of acquittal because the state failed to prove that he had entered the burglarized building and his conviction was based solely on circumstantial evidence. *Held:*

A burglary was committed on October 7, 1982, at the office of Atlanta Newspapers in which a coffee percolator, several tape players, a telephone answering device and two hand-held calculators were stolen. Immediately after receiving the alarm, a deputy arrived at the scene and found a green Ford automobile parked about 100 yards from the burglarized building. A codefendant was standing next to the car with a box at his feet which contained most of the stolen items. Barrett was in the back seat of the car with two stolen calculators lying on the floorboard. Both men denied committing the crime and claim they found the calculators lying near a bridge and knew nothing of the box or its contents. They claimed that they had been fishing all day until midnight, got something to eat at the Burger King and left about 1:00 a.m. to walk to a location where Barrett's sister could pick them up and give them a ride home. They claimed that they saw some "dudes" fighting on a hill and asked Barrett's sister to stop to see what those "dudes" were doing. Although the men claimed to have been fishing, there is nothing in the record to indicate that they had fishing equipment in their possession at the time of the arrest and the sister testified that she knew nothing about the calculators found in her car, that shortly after she picked up her

brother she drove a few feet further along the road to pick up the codefendant, and that after driving a brief distance they asked her to stop the car and the codefendant got out. She did not see any "dudes" fighting at the place she was asked to stop.

Unexplained recent possession of stolen goods permits a jury to infer that the accused committed the theft. *Williamson v. State,* 248 Ga. 47 (281 SE2d 512) (1981). Even though the accused offers an explanation of possession of stolen property, the jury may find that his explanation is neither reasonable nor satisfactory. *Kimsey v. State,* 164 Ga. App. 377 (296 SE2d 159) (1983); *Williamson v. State,* supra. In the present case, a jury would be authorized to reject the defendant's explanation that it was merely coincidental that the items stolen only a few minutes previously were found lying at his codefendant's feet when he stepped out of the automobile at a place where his sister was told to stop her car, that the calculators taken in the same burglary were found lying beside a bridge, that the men claimed to have been fishing and did not have any rods or tackle in their possession and that the sister did not see any "dudes" fighting.

Accordingly, we find the trial court did not err in denying the motion for a directed verdict of acquittal. Moreover, the evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *Crawford v. State,* 245 Ga. 89 (263 SE2d 131) (1980); Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MAY 20, 1983.

*James A. Glynn, Jr.,* for appellant.
*Bruce L. Udolf, District Attorney, Charles H. Frier, Assistant District Attorney,* for appellee.