### 73382. DEAN v. THE STATE.
(352 SE2d 633)

Carley, Judge.

Appellant was tried before a jury on an indictment charging him with the commission of the burglary of a convenience store. The jury returned a verdict of guilty. Appellant's motion for new trial was denied and he appeals from the judgment of conviction and sentence entered on the jury's verdict.

Appellant's sole enumeration of error is the denial of his motion for a directed verdict of acquittal. The jury was authorized to believe appellant's witnesses, who provided him with an alibi and an exculpatory explanation for his subsequent possession of some 984 coins in the trunk of his car. The jury was not, however, required to believe appellant's witnesses. It was equally authorized to believe the State's witnesses, who placed appellant at the convenience store shortly before the burglary and who identified an oddly discolored token found in appellant's subsequent possession as having been among those stolen in the burglary. "Issues regarding the credibility of witnesses are in the sole province of the jury. [Cit.]" *Smith v. State*, 168 Ga. App. 148 (308 SE2d 429) (1983). One item of the stolen property having been identified, "[a]ny question of identity of the remainder . . . goes to the weight of the evidence relating to identification, and the weight of the evidence is a question for the jury. [Cit.]" *Kimsey v. State*, 164 Ga. App. 377, 378-379 (2) (296 SE2d 159) (1982). "Unexplained recent possession of stolen goods permits a jury to infer that the accused committed the theft. [Cit.] Even though the accused offers an explanation of possession of stolen property, the jury may find that his explanation is neither reasonable nor satisfactory. [Cits.]" *Barrett v. State*, 166 Ga. App. 722, 723 (305 SE2d 450) (1983). " 'The rule as to the sufficiency of circumstantial evidence to support a conviction is that the evidence exclude every reasonable hypothesis except that of guilt, not that it [remove] every possibility of the innocence of the defendant. [Cits.] Whether every reasonable hypothesis except that of guilt of the defendant has been excluded is a question for the jury where the jury is properly instructed. [Cit.] The conflicting evidence in this case was presented to the jury and the jury resolved that conflict adversely to the appellant. There being support

for that determination by the jury we will not disturb the jury's verdict on that ground.' [Cit.]" *Jones v. State*, 168 Ga. App. 42, 44 (2) (308 SE2d 50) (1983). "Appellant's recent possession of the stolen goods, coupled with the other evidence linking him to the crime, was sufficient evidence from which a rational trier of fact could find him guilty beyond a reasonable doubt ([cit.]); therefore, denial of the motion for directed verdict was appropriate. [Cit.]" *Moore v. State*, 170 Ga. App. 698 (1) (318 SE2d 172) (1984).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 5, 1987.

Roger L. Curry, for appellant.

*Thomas J. Charron, District Attorney, Nancy I. Jordan, Assistant District Attorney*, for appellee.