### 77145. FAUST v. THE STATE.
(375 SE2d 889)

POPE, Judge.

Defendant Carey Faust was convicted of burglary and appeals. Evidence was presented that the Lloyd residence in Athens, Georgia, was burglarized between the hours of 8:00 a.m. and 4:30 p.m. on Monday, September 14, 1987. Defendant knew Mr. Lloyd and where he resided because approximately one month before the burglary defendant called at Mr. Lloyd's residence trying to sell jewelry. He had also previously asked Mr. Lloyd for a job in Lloyd's business. On the day of the burglary, Mr. Lloyd saw defendant on the street downtown at approximately 8:00 a.m. and they spoke to each other. When Mr. Lloyd returned home at approximately 4:30 p.m., he discovered that the door to his house had been kicked in and that several pieces of jewelry, including a man's gold and diamond ring, and a portable radio, commonly referred to as a "boom box," was missing.

Between 11:00 a.m. and 11:30 a.m. on September 14, two police officers spotted defendant and Ray Charles Brown at a street corner in Athens. Defendant was in possession of a large boom box which one of the officers testified was similar to the one taken in the burglary. Ray Charles Brown was attempting to sell a gold and diamond ring to cars stopped at the traffic light. At approximately 11:40 a.m. two other police officers spotted defendant and Ray Charles Brown walking down the street together approximately five miles from the Lloyd residence. According to the officers, when defendant and Brown saw the patrol car, they began to act "fidgety." The officers turned their vehicle around and pulled into a driveway. Brown kept walking, but defendant came toward the patrol car and said "It's not stolen." Defendant offered the box to the officers for inspection and suggested they record the serial number. Defendant further volunteered that he tried to buy the box from two white males on the previous Friday, again from two black males on Saturday, a black male and a white male on Sunday morning, a black male on Sunday evening and that he finally purchased the box from a black male earlier in the morning on Monday, September 14. The officers instructed defendant to hold onto the box in case they needed it. The following morning, the officers learned of the burglary of the Lloyd residence and the report of the missing boom box which matched the description of the one they had seen in defendant's possession the previous morning. The officers went to defendant's apartment to investigate and defendant told them he had sold the box back to the man from whom he had pur-

chased it because he became concerned that it might have been stolen. He claimed he knew the man on sight but did not know his name. The following day, defendant gave the officers the name of Floyd Johnson as the one to whom he had sold the box after first giving them the name of another individual. The police recovered the box from Floyd Johnson.

At trial, Johnson testified he saw defendant on the street with the police officers on the morning of September 14 as he was on his way to the barber shop. Ten to fifteen minutes later, defendant entered the barber shop with the boom box and Johnson bought it from him. Johnson turned the box over to the police when they came to his house and informed him it had been stolen.

1. Defendant argues the evidence presented at trial was insufficient to support a guilty verdict and that the court erred in denying his motion for directed verdict. "Unexplained recent possession of stolen goods permits a jury to infer that the accused committed the theft. *Williamson v. State*, 248 Ga. 47 (281 SE2d 512) (1981). Even though the accused offers an explanation of possession of stolen property, the jury may find that his explanation is neither reasonable nor satisfactory. *Kimsey v. State*, 164 Ga. App. 377 (296 SE2d 159) (1983); *Williamson v. State*, supra." *Barrett v. State*, 166 Ga. App. 722, 723 (305 SE2d 450) (1983). Evidence that the defendant gave incredible and inconsistent explanations for possession of recently stolen property is "another positive fact that the jury [is] authorized to take into account" in determining guilt. *Rogers v. State*, 185 Ga. App. 211, 213 (363 SE2d 846) (1987). The evidence in this case, in addition to defendant's possession of recently stolen goods, was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. See *Rogers v. State*, supra at (1); *Barrett v. State*, supra.

2. Defendant was indicted for burglary only. Theft by receiving stolen property is not a lesser included offense of burglary. *State v. Bolton*, 144 Ga. App. 797 (1) (242 SE2d 378) (1978); see also *Adams v. State*, 164 Ga. App. 295 (2) (297 SE2d 77) (1982); *Wells v. State*, 127 Ga. App. 109 (192 SE2d 567) (1972). Thus, the trial court did not err in refusing to instruct the jury on the offense of theft by receiving stolen property. See *State v. Hightower*, 252 Ga. 220 (312 SE2d 610) (1984); *Givens v. State*, 184 Ga. App. 498 (3) (361 SE2d 830) (1987).

3. The police officer who testified he and his partner stopped to question defendant and Ray Charles Brown testified he told his partner "I need to talk to them anyway." Defendant argues the trial court erred in denying his motion for mistrial on the ground that the officer's testimony improperly raised the issue of defendant's character. No inference derogatory of defendant's reputation or character can be drawn from the fact that a police officer had need to talk to him. See

*Johnson v. State*, 188 Ga. App. 411 (1) (373 SE2d 93) (1988) (the testimony of a former police officer, during the voir dire of the jury, that he knew defendants did not place defendants' character in issue and provided no ground for disqualifying the jury); *Welborn v. State*, 132 Ga. App. 207 (3b) (207 SE2d 688) (1974) (the testimony of a police officer that he had occasion to talk with defendant in the past did not put defendant's character in issue). Thus, the trial court did not err in denying defendant's motion for mistrial.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED DECEMBER 1, 1988.

*Caleb B. Banks*, for appellant.

*Harry N. Gordon, District Attorney, Richard J. Weaver, Assistant District Attorney*, for appellee.