### A90A1833. GRAHAM v. THE STATE.
(397 SE2d 600)

DEEN, Presiding Judge.

The appellant, Dennis Graham, and a co-defendant were indicted for two counts of burglary. The co-defendant pleaded guilty and testified at Graham's trial. Graham was convicted of one count of burglary and one count of accepting and disposing of stolen property. On appeal, he contends that the evidence did not support his convictions.

Before midnight on April 17 or 18, 1989, the co-defendant broke

into an auto parts store and took a tape player. Later that night he encountered Graham, who had a car, and asked Graham where he could get rid of the tape player. Graham drove to a house and took the tape player inside, where he sold it to someone for $40. Afterwards, Graham and the co-defendant bought and smoked some crack cocaine.

Later on, the co-defendant indicated that he knew of another place he wanted to break into, and Graham drove him to the street where another auto parts store was located. Graham let him out and returned a few minutes later to pick him up, along with a boxed display of tape players. Thereafter, Graham took the co-defendant to a place where the co-defendant hid the stolen property. At trial, Graham denied knowing that the tape player he had sold was stolen, and that the co-defendant intended to commit the second burglary. *Held*:

The evidence authorized a rational trier of fact to find beyond a reasonable doubt that Graham was a party to the second burglary. OCGA § 16-2-20, generally; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). However, Graham's conviction for accepting and disposing of stolen property must be reversed, because theft by receiving stolen property is not a lesser included offense of burglary. *Holloman v. State*, 168 Ga. App. 683 (310 SE2d 734) (1983). The trial court erred in instructing the jury on theft by receiving stolen property as a lesser included offense of burglary and giving it the option of finding Graham guilty of that offense.

*Judgment affirmed in part and reversed in part. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 27, 1990.

*Straughan & Straughan, William T. Straughan*, for appellant. *James L. Wiggins, District Attorney*, for appellee.