S91A1199. AUSTIN v. THE STATE.
(408 SE2d 105)

HUNT, Justice. ·

Eric Eugene Austin was convicted of felony murder and armed robbery for his part in the bludgeoning death and armed robbery of Austell pawnshop owner, Robert Blaudo. When the jury could not agree on a verdict on the malice murder count, the trial court declared a mistrial on that count and sentenced the defendant to life in prison on the other counts.[1] He appeals, raising the sufficiency of the

---

[1] The crimes were committed on February 21, 1989. The defendant was indicted on August 4, 1989; his trial commenced on December 3, 1990, and he was convicted of felony murder and armed robbery on December 12. He filed his motion for new trial on January 9, 1991, which was amended on March 26. The trial court vacated the life sentence for armed robbery on April 16, 1991, but otherwise denied his motion. The court reporter certified the transcript

evidence and contending the trial court failed to properly charge the jury that the defendant could only be convicted on one count of murder. We affirm.

After the body of the pawnshop owner was discovered by a customer, a tipster informed the police that Ronald Couch and the defendant had committed the crime. The defendant was arrested, and admitted in a taped statement that while he had participated in the armed robbery, he was shocked when Couch killed the victim.

1. As a party to the crime of armed robbery, OCGA § 16-2-20, the defendant was liable for the consequences of his crime, including the death of the victim. *Lobdell v. State*, 256 Ga. 769, 773 (353 SE2d 799) (1987). Furthermore, the jury was properly charged on the relevant principles of law. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980).

2. The trial court did not err in failing specifically to charge the jury that the defendant could only be convicted of one count of murder, so long as a single sentence is imposed. *Smith v. State*, 258 Ga. 181, 183 (366 SE2d 763) (1988). The jury did not reach a verdict on the malice murder count, upon which a mistrial was declared, and the trial court sentenced the defendant on the felony murder charge, for which the jury found him guilty. We find no error.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 12, 1991.

*John R. Greco*, for appellant.

*Thomas J. Charron, District Attorney, William M. Clark, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Mary H. Hines,* for appellee.