A91A1357. FORD v. THE STATE.
(411 SE2d 334)

ANDREWS, Judge.

Ford was indicted and found guilty by a jury on one count of burglary. A passing motorist familiar with the burglarized residence notified police after he noticed a man, fitting Ford's general description and wearing a gray jacket, standing outside the residence at a time when the residents were not home. When police arrived to investigate, they saw Ford standing on the back porch of the house wearing a gray jacket. He ran and was apprehended after a short chase. At the time of his arrest, Ford was carrying a jewelry box containing several items of jewelry. A resident of the burglarized house was contacted, and identified the jacket worn by Ford, the jewelry box, and the jewelry as items stolen from the house on the day of the arrest. At trial, Ford claimed he never entered the house. He testified that an acquaintance of his, who he believed to be doing work at the house for the residents, entered the house and brought out the jacket. Ford claimed he put on the jacket thinking it belonged to his friend, and that, when he accepted the jacket, he was unaware that the jewelry box was in the pocket. Ford's testimony at trial conflicted with statements he gave to police after his arrest.

1. In his first enumeration of error, Ford contends the trial court erred by refusing to give his requested charge on theft by receiving stolen property because his sole defense was that he was guilty of theft by receiving stolen property rather than burglary. He does not claim that a charge on theft by receiving was required as a lesser included offense of burglary. See *Faust v. State*, 189 Ga. App. 426, 427 (375 SE2d 889) (1988) (theft by receiving stolen property not a lesser included offense of burglary). A defendant is not entitled to an instruction on an offense for which he is not being tried, and which is not a lesser included offense of the one he is defending. *Evans v. State*, 252 Ga. 312, 321 (314 SE2d 421) (1984). Given that the jury was properly instructed on the elements of the charged offense of bur-

glary, and the necessity that every element of the offense, including entry, be proved beyond a reasonable doubt, Ford's defense that he did not enter the house, but rather received goods stolen from the house by someone else, was adequately covered in the charge. There is no merit to Ford's claim that the refusal to give the requested charge deprived him of his sole defense in the case. *Carter v. State*, 192 Ga. App. 726, 728 (386 SE2d 389) (1989). Moreover, the evidence did not support the requested charge since Ford did not contend at trial that he knew or should have known the property found in his possession was stolen. *Davis v. State*, 169 Ga. App. 601, 602 (314 SE2d 257) (1984) (charge on sole defense not required if not authorized by the evidence).

2. In his second enumeration, Ford claims the trial court erred by charging the jury to the effect that, if it found a burglary had been committed, and certain goods were stolen, the unexplained possession of the recently stolen goods is a circumstance, along with all the other evidence, from which guilt may be inferred. This is a correct statement of law (*Bankston v. State*, 159 Ga. App. 342, 343 (283 SE2d 319) (1981)), supported by the evidence, and the charge was authorized. See *Williamson v. State*, 248 Ga. 47 (281 SE2d 512) (1981); *Myles v. State*, 186 Ga. App. 817, 818 (368 SE2d 574) (1988).

The evidence was sufficient for a rational trier of fact to find the defendant guilty of burglary beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 30, 1991.

*Timothy L. Eidson*, for appellant.
*David E. Perry*, District Attorney, *Ronnie A. Wheeler*, Assistant District Attorney, for appellee.