A91A2139. DAVIS v. THE STATE.
(416 SE2d 771)

ANDREWS, Judge.

Davis was found guilty by a jury of burglary and appeals his conviction.

Construed in favor of the verdict, the evidence shows that at approximately 11:50 p.m. the City of Smyrna police responded to a call from a citizen reporting that a burglary had just occurred or was in progress at his residence. Within five minutes of receiving the call, one police officer arrived at the residence, and another officer arrested Davis about a half mile from the residence. As an officer patrolling in the immediate area responded to the reported burglary, he saw Davis walking away from the direction of the burglary along the side of a road about a half mile from the residence. As he passed by, the officer noticed that Davis was carrying a loaded bag over his shoulder. The officer stopped his car to investigate. It was a warm summer night, and the officer observed that Davis was holding a pair of leather gloves in one hand, was wearing sweatpants, and was sweating profusely. Davis stopped when the officer approached him, but he failed to respond when the officer questioned him about his activity. The officer testified that the bag Davis carried was open at the top allowing him to observe numerous items in the bag which were later identified as having been stolen in the burglary. Based on these observations, the officer arrested Davis. A search of the bag produced the items stolen from the burglarized residence. After being given his *Miranda* rights, Davis denied any involvement in the burglary. He told police that he had been out jogging, and a man ran by and dropped the bag on the ground. The defendant's sister, with whom Davis lived, testified that Davis left her residence at about midnight on the evening of the burglary to go jogging.

1. Davis first claims that the police officer illegally arrested him without a warrant, and that the trial court erred by denying his motion to suppress evidence obtained as a result of the arrest. OCGA § 17-4-20 (a) provides that "[a]n arrest for a crime may be made by a law enforcement officer . . . without a warrant if the offense is committed in his presence or within his immediate knowledge; if the offender is endeavoring to escape . . . or for other cause if there is likely to be failure of justice for want of a judicial officer to issue a warrant." "The constitutional validity of an arrest without a warrant depends upon whether, at the moment the arrest was made, the officers had probable cause to make it — whether at the moment the

facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the (suspect) had committed or was committing an offense." (Punctuation and citation omitted.) *Manzione v. State*, 194 Ga. App. 227, 228-229 (390 SE2d 121) (1990).

Davis was stopped around midnight within minutes of the reported burglary, a half mile from the scene, and he would not respond to the officer's questions. He was sweating heavily, carrying a pair of leather gloves on a summer night, and was carrying a bag which the arresting officer testified he could observe was loaded with numerous items including a checkbook bearing the address of the burglarized residence. It is unclear whether the officer saw the address on the checkbook before or after the defendant was arrested and the bag was searched. Although some of this testimony was adduced at trial and not at the suppression hearing, in considering whether there was probable cause for the arrest, we consider all the relevant evidence of record. *Sanders v. State*, 235 Ga. 425, 431-432 (219 SE2d 768) (1975), cert. den. 425 U. S. 976; *Jones v. State*, 187 Ga. App. 421, 422-423 (370 SE2d 784) (1988). These circumstances were a sufficient basis for probable cause to arrest Davis. The subsequent search of the bag containing the items stolen in the burglary was a lawful search incident to the arrest. *Laws v. State*, 180 Ga. App. 528, 529 (349 SE2d 478) (1986). There was no error in the trial court's denial of the motion to suppress.

2. Davis claims the jury verdict was contrary to the weight of the evidence. The weight to be accorded the evidence is a task for the jury which determines the credibility of witnesses and resolves conflicts in the evidence. This Court does not reweigh the evidence, but determines if it is legally sufficient to enable a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Dobbs v. State*, 199 Ga. App. 793, 795 (406 SE2d 252) (1991). The defendant's recent possession of the stolen goods, along with his refusal to respond to the officer's questions, his proximity to the burglary at the time it occurred, and the leather gloves he carried, were sufficient to enable a rational juror to find the defendant guilty beyond a reasonable doubt. *Bankston v. State*, 251 Ga. 730 (309 SE2d 369) (1983); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. In his third enumeration of error, Davis claims that in closing argument the prosecutor improperly commented on his right to remain silent. Defense counsel made no objection at trial to the alleged improper argument, therefore the enumerated error is not properly before us for review. *Hall v. State*, 180 Ga. App. 881, 882-883 (350 SE2d 801) (1986).

4. Davis asserts two grounds upon which he claims that his trial

counsel provided ineffective assistance. Davis was represented by new counsel on appeal, who filed a motion for new trial. The first ground asserted was not raised in the motion for new trial, and is deemed waived because it was not raised at the earliest practicable moment. *Thompson v. State*, 257 Ga. 386 (359 SE2d 664) (1987).

The second ground alleged is that the trial attorney failed to request the trial court to instruct the jury that they could consider convicting the defendant of the crime of theft by receiving stolen property. This ground was raised by appellate counsel in the motion for new trial, and denied at a hearing before the trial judge. Although no evidence was produced at the hearing, and trial counsel was not heard on the issue of his representation, this ground is one which may be resolved without such testimony by reference to evidence in the record. See *Dawson v. State*, 258 Ga. 380, 381 (369 SE2d 897) (1988).

There is no merit to the claim that trial counsel should have requested a charge on theft by receiving stolen property. Davis was indicted only on the charge of burglary. Theft by receiving stolen property is not a lesser included offense of burglary, so there would have been no error in refusing such a charge. *Faust v. State*, 189 Ga. App. 426, 427 (375 SE2d 889) (1988). "A defendant is not entitled to an instruction on an offense for which he is not being tried, and which is not a lesser included offense of the one he is defending." *Ford v. State*, 201 Ga. App. 382 (411 SE2d 334) (1991).

5. The defendant argues that, even in the absence of a request, the trial court was required to instruct the jury on the offense of theft by receiving stolen property because it constituted one of his defenses to the burglary charge. For the reasons stated in Division 4, above, there was no error in failing to give this charge. Moreover, Davis did not claim that he was guilty of receiving stolen property rather than burglary, nor did his trial counsel make this argument to the jury. The primary defense made by Davis, who did not testify at trial, was presented in alibi testimony from his sister to the effect that he was at their residence when the burglary occurred. The jury was properly instructed on the elements of the charged offense of burglary, and Davis was not deprived of the opportunity to present his defenses. *Ford*, supra at 383.

6. Davis claims the trial court erred in not re-opening the evidence, at the jury's request, to allow introduction of testimony given by the defendant's sister at the defendant's pre-trial preliminary hearing. After beginning their deliberations, the jury asked to be informed of the preliminary hearing testimony of the defendant's sister regarding what time the defendant left their residence on the night of the burglary. Though trial testimony revealed that the defendant's sister had testified at a previous hearing, the substance of that testimony was not a part of the record at trial. The trial judge refused the

jury's request and the defendant's subsequent motion seeking to re-open the evidence. The defendant's sister had already testified at trial that the defendant left their residence at about midnight. She gave the same testimony at the preliminary hearing, and the State did not claim or infer at trial that she had testified differently at the preliminary hearing. The trial court did not abuse its discretion in refusing to re-open the evidence. *State v. Roberts*, 247 Ga. 456 (277 SE2d 644) (1981).

7. For the reasons stated in the preceding divisions, there was no error in the denial of the defendant's motion for new trial.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 20, 1992 —
RECONSIDERATION DENIED MARCH 6, 1992 —

*Lauren L. Becker*, for appellant.

Randy K. Davis, *pro se.*

*Thomas J. Charron*, District Attorney, *Debra H. Bernes*, *Nancy I. Jordan*, Assistant District Attorneys, for appellee.