A95A1349. PRUITT v. THE STATE.
(458 SE2d 696)

SMITH, Judge.

Rickie Lee Pruitt was indicted for the offense of burglary. He was tried before a jury and found guilty. His motion for new trial was denied, and he appeals.

1. Pruitt contends the evidence was insufficient to support his conviction, specifically arguing that no evidence was presented that he entered the victim's home, a necessary element of the offense under OCGA § 16-7-1.

The victim testified she returned to her home about 1:00 p.m. and observed a "scruffy looking" man carrying a backpack walking from her house to the house next door. When she entered her house she saw immediately that it had been burglarized. Her typewriter, a camera, a VCR, and some currency were gone. Entry had been made through a back window.

A neighbor testified he knew Pruitt from the neighborhood and saw him walking through his yard carrying a typewriter and a bag at about the same time as the burglary. As the neighbor watched, Pruitt set the items down behind a vacant house formerly occupied by Steve Causey and walked away. The neighbor called the police. Approximately ten minutes later, before the police arrived, he observed Causey drive up in his car with Pruitt. Pruitt got out, retrieved the items he had dropped off, then returned to the car and left with Causey. Causey and Pruitt then drove off. Both the victim and her neighbor positively identified Pruitt's photograph from an array, and both identified him at trial.

Causey, who was indicted with Pruitt, pled guilty shortly before trial to theft by receiving stolen property and testified against Pruitt. He testified he saw Pruitt walking and gave him a ride. Pruitt asked Causey to drive to Causey's former home, where Pruitt went to a shed behind the house, picked up some items, and returned to the car. Causey then bought the items from Pruitt for $30 and dropped Pruitt off at home. Causey turned himself in to the police a few days later; his father turned over the stolen items.

In his own testimony, Pruitt said he had laundered his dirty clothes, which he carried in a backpack, at his mother's house in the neighborhood; Causey then approached him and offered him a ride home if he would pick up some items at Causey's former residence and put them in a shed. He did so on foot, after which Causey picked him up. Causey then drove back to the house, Pruitt retrieved the property and brought it to Causey's car, and Causey drove him home.

Given this evidence, including testimony that the victim's home was entered and that Pruitt was positively identified in the victim's yard carrying a typewriter similar to the one stolen, the jury was authorized to conclude that Pruitt had entered the victim's home and to reject Pruitt's denial of guilt. See *Bowers v. State*, 177 Ga. App. 36, 39 (2) (338 SE2d 457) (1985). The evidence was sufficient to authorize the jury to find him guilty of burglary under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Pruitt claims error in the trial court's finding that he received effective assistance of trial counsel. Pruitt was represented by the public defender's office. His assigned counsel was called away on a family emergency on the eve of trial, and her place was taken by another attorney in the defender's office. Pruitt argues that trial counsel did not ask for a continuance, had insufficient time to prepare properly for trial, and rendered ineffective assistance. We do not agree.

Although counsel stepped in on the day before trial, she had access to the file compiled by her predecessor, which contained full discovery. Her testimony at the hearing on the motion for new trial showed she was experienced and conscientious, and the transcript of

the trial proceedings reveals that she provided a professional and reasonable defense. She interviewed Pruitt at the jail, discussed important matters with him, prepared opening and closing statements, planned the questioning of witnesses, requested jury charges, and made reasoned and vigorous objections at trial. On the morning of trial, she filed a motion to suppress the photo identifications and a motion to sever parties (which was rendered moot by Causey's plea). Moreover, although the transcript does not contain the actual motion, it shows discussion of a requested continuance that was denied. Counsel explained at the hearing on the motion for new trial that she had moved for continuance off the record, the court had denied the motion, and she merely placed on the record her reasons for doing so and requested that the court inquire whether Pruitt had concerns about going forward. The court did so, and Pruitt indicated he was ready for trial.

Pruitt fails to show how further investigation would have changed the result in this case. Pruitt finds fault with counsel's failure to interview or call a witness he claims was a third passenger in Causey's car and her failure to interview his wife regarding the contents of his backpack. Counsel's testimony at the hearing on his motion for new trial establishes, however, that Pruitt did not reveal to counsel until mid-trial the existence of this witness, and the witness's identity and the whereabouts of his backpack were not disclosed until after trial.

The trial court concluded that counsel had provided effective assistance. This finding must be affirmed unless clearly erroneous. *Stevens v. State*, 210 Ga. App. 355, 357 (6) (436 SE2d 82) (1993). The trial court did not err.

3. Lastly, Pruitt asserts that because theft by receiving stolen property constituted his sole defense, the trial court erroneously refused to give his requested charge on that offense. This enumeration is without merit.

Pruitt was charged only with the offense of burglary. Theft by receiving stolen property is not a lesser included offense of burglary. *Faust v. State*, 189 Ga. App. 426, 427 (2) (375 SE2d 889) (1988). A defendant is not entitled to an instruction on an offense for which he has not been charged that is not a lesser included charge. *Ford v. State*, 201 Ga. App. 382 (1) (411 SE2d 334) (1991). A charge on theft by receiving stolen property was therefore not authorized. See *Graham v. State*, 197 Ga. App. 102 (397 SE2d 600) (1990).

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

Decided June 28, 1995.

*Michael S. Katz*, for appellant.

*J. Tom Morgan, District Attorney, Fran W. Shoenthal, Robert M. Coker, Assistant District Attorneys,* for appellee.