## A00A0613. HEMPHILL v. THE STATE.

(531 SE2d 150)

BLACKBURN, Presiding Judge.

Following a jury trial, Ernest Isiah Hemphill appeals his conviction of armed robbery. Hemphill contends that the evidence is insufficient to support his conviction and that the trial court erred in the charge to the jury. For the reasons set forth below, we affirm.

1. In two enumerations of error, Hemphill challenges the sufficiency of the evidence to support his conviction.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Hemphill] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. Moreover, the test established in *Jackson* is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence.

(Citations and punctuation omitted.) *Lester v. State*, 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997).

Viewing the evidence in the light most favorable to the verdict, it reveals that Hemphill and two accomplices robbed a Waffle House restaurant in Cobb County with the use of a handgun. Hemphill admitted in his taped interview with the police that he drove his accomplices to the Waffle House. On the way to the Waffle House, the car's occupants discussed robbery.[1] Hemphill parked his car on the shoulder of the road, down the road from the Waffle House. He told the police, "I pulled over there because that street right to the shoulder goes straight to Bankhead Court." Hemphill knew that his accomplices had guns, and he admitted that he told them "don't hurt nobody." He then described watching his two accomplices rob the Waffle House before they ran back to his car. A Waffle House patron testified that from the parking lot he saw the car doors open before

---

[1] A juvenile, who was also in the car, was not charged in connection with the armed robbery.

the robbers got to the car. Hemphill admitted driving away very carefully to avoid suspicion and to avoid a Waffle House patron who appeared to be following them. He further admitted that the accomplices shared the proceeds of the robbery with him.

> Under OCGA § 16-2-20 (a) every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime. One is concerned in the commission of a crime where the person either directly commits, intentionally causes another to commit, intentionally aids or abets the commission of, or intentionally advises or otherwise encourages another to commit the crime. Presence at the scene of a crime, even when coupled with knowledge and approval, not amounting to encouragement, is not sufficient to show that a defendant is a party to a crime. However, criminal intent may be found by the jury upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted. Presence, companionship and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.

(Citation and punctuation omitted.) *McGhee v. State*, 229 Ga. App. 10, 11 (492 SE2d 904) (1997).

In the present case, Hemphill's admissions not only show his presence, knowledge, and approval of the planned armed robbery, they also prove that he aided in the robbery by supplying transportation to and from the Waffle House. This evidence was sufficient to permit a jury to find that Hemphill was a party to the crime of armed robbery. See *Jackson*, supra; *Tanksley v. State*, 226 Ga. App. 505 (487 SE2d 98) (1997).

2. Hemphill contends that the trial court erred in its charge to the jury.

(a) Hemphill requested that the court charge on theft by receiving.

> With respect to [Hemphill's] contention that the court should have charged on theft by receiving stolen property, that crime is not a lesser included offense of armed robbery, but is a separate offense proved by an entirely different set of facts. "A defendant is not entitled to an instruction on an offense for which he has not been charged that is not a lesser included charge." *Pruitt v. State*, 217 Ga. App. 681, 683 (3) (458 SE2d 696) (1995). As [Hemphill] was not charged with

receiving stolen property, the trial court did not err in refusing to charge on such offense. See *Adams v. State*, 164 Ga. App. 295, 296-297 (2) (297 SE2d 77) (1982); *Lee v. State*, 259 Ga. 230, 232 (3) (378 SE2d 855) (1989).

*Bethel v. State*, 232 Ga. App. 82, 84-85 (2) (500 SE2d 595) (1998).

(b) Hemphill contends that the trial court's charge on knowledge was erroneous. The trial court charged:

> If you find from the evidence in this case that a defendant had no knowledge that a crime was being committed, and that the defendant did not knowingly and intentionally participate, or commit, or help in the commission of the crime, or was a party to it, to the alleged offense, it would be your duty to acquit the defendant. On the other hand, should you find beyond a reasonable doubt that the defendant had knowledge that the crime of armed robbery was being committed, and that the defendant knowingly and intentionally participated or helped in the commission of it, or was a party to it then you would be authorized to convict the defendant.

Hemphill contends that this charge allows a conviction based merely upon his presence at the scene and his knowledge of the crime. However, this is the charge suggested by the pattern charge, and we have previously determined that Hemphill's argument is without merit. See *Leigh v. State*, 223 Ga. App. 726, 731 (3) (478 SE2d 905) (1996). "We do not believe that the charge as a whole would mislead a jury of average intelligence." (Punctuation omitted.) Id.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED MARCH 13, 2000.

*Robert H. Alexander III*, for appellant.
*Patrick H. Head, District Attorney, Debra H. Bernes, John C. Richter, Maria B. Golick, Assistant District Attorneys*, for appellee.