## A00A1268. DARBY v. THE STATE.
### (538 SE2d 538)

PHIPPS, Judge.

Dermaine Darby appeals his conviction of robbery by force. He enumerates a single error — that the trial court erred in instructing the jury on the inference of guilt from recent unexplained possession of stolen property. We find that there was sufficient evidence to support the charge and affirm Darby's conviction.

Evidence of the following events was presented. At approximately 2:40 a.m. on May 18, 1999, Shonell Rogers went to a Texaco station in Clayton County. After she reentered her car, Darby ran to the car, blocked her from closing her door and demanded all of her money. She told Darby that she had only $2 and some change. He uttered words to the effect, "You lying bitch," grabbed the money from her hand and began beating and punching her. Eventually, Darby pulled her from the car and slammed her to the concrete. Then he reached inside the car, grabbed her purse and ran behind the store toward an apartment complex.

The police were called and immediately began a search for Rog-

---

[7] See id. at 264 (1).

ers's assailant. At the apartment complex behind the Texaco station, they found on the ground a wallet containing Darby's Georgia identification card. Approximately ten feet away, they found a purse containing Rogers's identification and no money. Rogers, who had remained at the Texaco station, was taken to the apartment complex. She identified the purse as hers and identified Darby from the picture on his identification card as the man who had attacked and robbed her.

A pawn ticket in Darby's wallet showed a home address near the apartment complex. While investigating that lead, the police found Darby hiding in a closet in a nearby house. Rogers was taken there, and she identified Darby.

Darby was arrested and taken to jail. An inventory search of him revealed two $100 bills, a $50 bill, two $5 bills and five $1 bills, totaling $265.

Earlier, Rogers had told the officer who discovered the money that she had had approximately $265 in her purse when it was taken. The officer also found that there was a match between the denominations found on Darby and those enumerated by Rogers.

At trial, Rogers testified that she had had approximately $250 or $260 when she was robbed. She further testified, "I know I had two hundreds, a fifty, some ones, and a five, or something like that."

Darby asserts that the charge on recent possession of stolen property was improperly given because the money found in his possession could be linked to the robbery only by general denominations. Relying upon *Kimsey v. State*[1] and *Dean v. State*,[2] he contends that in order for a charge on recent unexplained possession of stolen property to be warranted, at least one item of property found in the defendant's possession must be clearly identifiable as property stolen during the indicted crime.

*Kimsey* and *Dean* did not present the issue of whether there was an evidentiary basis for a charge on recent unexplained possession of stolen property. The respective defendants challenged the sufficiency of evidence to support their burglary convictions. In *Kimsey*, this court noted that after the burglary the defendant had sold a piece of silverware which had been positively identified as taken during the burglary.[3] In *Dean*, this court observed that the defendant was found in possession of a distinctive token taken during the burglary.[4] Neither case stands for the proposition that regardless of the circumstances, fungible property may never be the subject of an instruction

---

[1] 164 Ga. App. 377, 378 (2) (296 SE2d 159) (1982).
[2] 181 Ga. App. 452 (352 SE2d 633) (1987).
[3] 164 Ga. App. at 378.
[4] 181 Ga. App. 452.

on recent unexplained possession of stolen property.

"[A]n instruction is not inapplicable where there is any evidence, however slight, on which to predicate it. The evidence necessary to justify a jury charge need only be enough to enable one to carry on a legitimate process of reasoning. [Cits.]"[5] Here, there was evidence from which a jury could carry on a legitimate process of reasoning about whether the $265 found in Darby's possession was the same money taken from Rogers's purse. Rogers identified him several times as the man who took her purse. And less than an hour after the robbery he was found hiding in a closet near the robbery scene in possession of money in the same amount and denominations as that taken from the purse.[6] There was an evidentiary basis for the instruction on the inference of guilt from recent unexplained possession of stolen property.

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 24, 2000.

*Margot S. Roberts*, for appellant.

*Robert E. Keller, District Attorney, Jack S. Jennings, Assistant District Attorney*, for appellee.

---

[5] (Punctuation omitted.) *Williams v. State*, 209 Ga. App. 355 (1) (433 SE2d 361) (1993), quoting *Simmons v. State*, 172 Ga. App. 695, 696 (1) (324 SE2d 546) (1984).

[6] See *Robinson v. State*, 150 Ga. App. 261 (257 SE2d 352) (1979) (jury authorized under circumstances of case to conclude that fungible property possessed by defendant had been stolen from complainant).