A00A1442. YOUNG v. THE STATE.
(541 SE2d 670)

ELLINGTON, Judge.

A Gwinnett County jury convicted James Lee Young of armed robbery, OCGA § 16-8-41. Following the denial of his motion for new trial, Young appeals, challenging the trial court's charge to the jury and response to a jury question.

Viewed in the light most favorable to the verdict, the evidence showed that on November 17, 1996, Young was driving his car while Theon Finney, Desmond Washington and Rodney Smith were pas-

---

[19] *Hall v. Trubey*, 269 Ga. 197, 200 (2) (498 SE2d 258) (1998).

sengers. Young knew Finney had a stun gun, and they intended to use it to rob people that night. After driving around for awhile looking for victims, they drove into an apartment complex. Finney pointed at a woman getting out of a car in front of an apartment and told Young to pull over. Young pulled into a parking space and watched and listened as Finney approached the victim, demanded her money, threatened her with the stun gun, took her briefcase, returned to the car and told Young to drive away. Finney gave the briefcase to Washington who searched it for money. Washington passed the victim's credit cards to Young. Young still had the credit cards when he was arrested later that day.

1. Young contends the trial court erred in failing to charge the jury on theft by receiving as a lesser included offense of the indicted offense of armed robbery. OCGA § 16-8-41 provides:

> A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon.

OCGA § 16-8-7 provides: "A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen." With respect to Young's contention that the court should have charged on theft by receiving stolen property,

> that crime is not a lesser included offense of armed robbery, but is a separate offense proved by an entirely different set of facts. A defendant is not entitled to an instruction on an offense for which he has not been charged that is not a lesser included charge. As [Young] was not charged with receiving stolen property, the trial court did not err in refusing to charge on such offense.

(Citations and punctuation omitted.) *Hemphill v. State*, 242 Ga. App. 751, 752-753 (2) (a) (531 SE2d 150) (2000).[1]

Young contends that, because the trial court accepted guilty pleas to theft by receiving from Washington and Smith, the trial court "had previously concluded that theft by receiving was a lesser-

---

[1] The cases cited by Young are inapposite as they relate to jury instructions on theft by taking, not theft by receiving stolen property. See OCGA § 16-8-2; *Hensley v. State*, 228 Ga. 501, 502-503 (2) (186 SE2d 729) (1972); *King v. State*, 214 Ga. App. 311, 312 (2) (447 SE2d 645) (1994); *Wilson v. State*, 211 Ga. App. 486, 488 (2) (439 SE2d 701) (1993); *Teague v. State*, 169 Ga. App. 285, 287 (3) (312 SE2d 818) (1983).

included offense for all other defendants who were charged as 'parties.'" Young argues the trial court was required to charge theft by receiving as a lesser included offense in his trial to avoid an "indefensibly inconsistent result" among the co-defendants. Young failed to support this argument with any legal authority, and we have found none. Indeed, the plea bargaining process commonly involves a reduction of charges and a more lenient sentence. *Allen v. State*, 193 Ga. App. 670-671 (388 SE2d 889) (1989). See generally Daniel, Ga. Criminal Trial Practice (1999), pp. 549-555, §§ 15-1—15-5; Uniform Superior Court Rules 33.3 (B) (2) (during plea negotiations, prosecutor may agree to dismiss the offense charged in exchange for a plea of guilty to "another offense reasonably related to defendant's conduct"); 33.6 (A) (grounds for leniency in sentencing after a guilty plea).

2. Young contends the trial court erred in failing to reread his custodial statement to the jury in response to a question they submitted during their deliberations. Young's statement was read to the jury during the testimony of Officer Brady. During their deliberations, the jury sent the following question to the court: "We request to have the testimony of Officer Brady reread, specifically the portion where he read James Young's statement." The trial court responded to the jury as follows:

[T]here is not a transcript available for rereading the testimony of the witnesses. And the testimony of the witnesses will be as you have heard it and as you collectively remember [and] recall it. . . . [Y]ou are authorized and compelled to take the evidence in its totality . . . and to determine the facts from that evidence, whatever you determine them to be, and apply the law as given you in this charge to those facts and reach a verdict that speaks the truth, whatever that verdict may be.

Young contends the trial court should have read his allegedly exculpatory statement to the jury or given the jury the written statement to review.

"Whether the trial court will require the court reporter to read former testimony is a matter resting in its sound discretion." *Davis v. State*, 266 Ga. 801, 802 (4) (471 SE2d 191) (1996); see also *Pass v. State*, 227 Ga. 730, 737 (13) (182 SE2d 779) (1971). It has long been the law in Georgia that a judgment will not be reversed because the trial court declines to aid the jury in recalling the evidence and refuses a request to have certain testimony read back. *Byrd v. State*, 237 Ga. 781, 782 (1) (229 SE2d 631) (1976); *Compton v. State*, 179 Ga. 560, 567 (6) (176 SE 764) (1934); *Johnson v. State*, 236 Ga. App. 356,

358 (3) (511 SE2d 921) (1999). The trial court in this case did not abuse its discretion in instructing the jury to rely on its collective recollection of the evidence.

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 3, 2000 —

*Rich & Smith, Randolph G. Rich,* for appellant.

*Daniel J. Porter, District Attorney, James M. Miskell, Assistant District Attorney,* for appellee.