## A01A0819. POOLE v. THE STATE.
(549 SE2d 787)

JOHNSON, Presiding Judge.

A jury found Anthony Nathaniel Poole, Jr. guilty of armed robbery.[1] In his sole enumeration of error, Poole contends that the trial court erred in failing to give a charge on the alternate crime of theft by receiving stolen property as a lesser included offense of armed robbery. Theft by receiving stolen property,[2] as a matter of law, is not a lesser included offense of armed robbery.[3]

Poole acknowledges the *Young* decision but argues that we should not apply it to the facts of this case, as that would effectively deprive him of the defense that he was not guilty of armed robbery by virtue of the fact that he admitted to actions that would constitute theft by receiving stolen property. However, Poole was certainly not precluded from making this argument to the jury, and furthermore, a defendant is not entitled to an instruction on an offense for which he has not been charged when, as a matter of law, that offense is not a lesser included offense of the one for which he has been charged.[4]

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED JUNE 4, 2001.

*McGee & McGee, James B. McGee III*, for appellant.

*Richard E. Currie, District Attorney, James D. Lamb, Assistant District Attorney*, for appellee.

---

[1] OCGA § 16-8-41 (a).

[2] OCGA § 16-8-7 (a).

[3] See *Young v. State*, 246 Ga. App. 651, 652-653 (1) (541 SE2d 670) (2000); *Barnett v. State*, 244 Ga. App. 585, 590 (6) (536 SE2d 263) (2000); *Hemphill v. State*, 242 Ga. App. 751, 752-753 (2) (a) (531 SE2d 150) (2000).

[4] See *Pruitt v. State*, 217 Ga. App. 681, 683 (3) (458 SE2d 696) (1995).