## S02A1211. COGGINS v. THE STATE.
(569 SE2d 505)

BENHAM, Justice.

Appellant Wapoinica Coggins was convicted of felony murder with criminal attempt to commit armed robbery as the underlying felony, in connection with the September 2000 death of Robert Brown

in Spalding County.[1] She appeals the judgment of conviction, contending the evidence was not sufficient to authorize the guilty verdict, the trial court made an impermissible comment on the sufficiency of the evidence, and her trial counsel rendered ineffective assistance of counsel. After reviewing the transcript and record, we affirm the judgment entered.

Robert Brown was killed by a 9-millimeter gunshot to the chest that penetrated his heart and lungs. He was shot just outside the apartment where he had driven appellant at appellant's suggestion. After appellant and the victim entered the apartment, appellant quietly told one of the occupants that appellant's boyfriend was going to rob the victim while he was at the apartment. When the occupant objected to the use of her apartment in such a way, appellant agreed to have the robbery take place outside the apartment and asked the victim to step outside with her. There they were approached by a masked man who, armed with a 9-mm handgun, demanded money from the victim, at which point appellant fled into the apartment and she and the apartment's occupants left through the apartment's back door. They heard a shot fired and re-entered the apartment to find the victim lying dead and the masked man gone.

1. Appellant contends the evidence summarized above is insufficient to authorize her conviction. However, a participant in a crime may be convicted of the crime without having directly committed the crime. *Burks v. State*, 268 Ga. 504, 505 (491 SE2d 368) (1997). "Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." OCGA § 16-2-20 (a). One who intentionally aids or abets in the commission of a crime or intentionally advises, encourages, or counsels another to commit a crime is a party to the crime. OCGA § 16-2-20 (b) (3), (4). Whether a defendant was a party to a crime is a question for the factfinder. Id. Evidence establishing that appellant was present at the scene of the crime, had knowledge the crime was to be committed and approved of the planned commission of the crime, and had aided the commission of the crime by bringing the victim to the site was sufficient to permit the jury to conclude appellant was a party to the crime of criminal attempt to commit armed robbery. See *Hemp-*

---

[1] The victim was shot and killed on September 28, 2000. Appellant was arrested shortly thereafter and indicted by the Spalding County grand jury in a special presentment on October 3, 2000. Appellant was tried before a jury February 20-22, 2001, in a proceeding that ended in a mistrial. Appellant was found guilty in a trial conducted April 2-3, 2001, and was sentenced on April 3 to life imprisonment. Appellant, acting pro se, filed a timely motion for new trial on May 1, and it was amended by appellate counsel on November 14, 2001. The trial court denied the amended motion on March 1, 2002, and a timely notice of appeal was filed on March 27. The case was docketed in this Court on April 25, 2002, and submitted for decision on the briefs.

*hill v. State*, 242 Ga. App. 751 (1) (531 SE2d 150) (2000). There was also sufficient evidence for the jury to conclude appellant was a party to the crime of felony murder since the fatal shooting of an armed robbery victim may be said to be a probable consequence of the armed robbery and "[a]ll of the participants in a plan to rob are criminally responsible for the acts of each committed in the execution of the plan and which may be said to be a probable consequence of the unlawful design, even though the particular act may not have actually been a part of the plan. [Cits.]" *Lobdell v. State*, 256 Ga. 769, 773 (7) (353 SE2d 799) (1987). See also *Austin v. State*, 261 Ga. 550 (1) (408 SE2d 105) (1991).

2. Appellant next asserts the trial court violated OCGA § 17-8-57[2] and committed reversible error by impermissibly expressing or intimating an opinion as to the matters proved by the State. "In order to preserve for appellate review the question of whether a statement violates OCGA § 17-8-57, an objection or a motion for mistrial must be made at trial. [Cit.]" *Pickren v. State*, 272 Ga. 421, 426 (8) (530 SE2d 464) (2000). Appellant took no action in the trial court to preserve the question for appellate review; accordingly, we do not consider it further. Id.

3. Lastly, appellant contends her trial counsel rendered ineffective assistance of counsel in that he purportedly did not consult with her after the first trial ended in a mistrial; he failed to move for a directed verdict of acquittal at the close of the State's case; and he did not contest the voluntariness of the two statements appellant made to police and ask for a *Jackson-Denno* hearing on the issue. At the hearing on appellant's amended motion for new trial, trial counsel testified that he had consulted with his client, that he had not sought a directed verdict because the jury had sufficient information to determine guilt or innocence, and that he had not sought a *Jackson-Denno* hearing because, in his professional opinion, the statements had been voluntarily made.

To prevail on her claim of ineffective assistance of trial counsel, appellant must show counsel's performance was deficient and that the deficient performance prejudiced her to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Mobley v. State*, 271 Ga.

---

[2] OCGA § 17-8-57 states:
It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held by the Supreme Court or Court of Appeals to be error and the decision in the case reversed, and a new trial granted in the court below. . . .

577 (523 SE2d 9) (1999). A strong presumption exists that counsel's conduct falls within the broad range of professional conduct. Id. Appellant's claim of ineffective assistance fails: the trial court was entitled to believe counsel's testimony he consulted with his client over appellant's testimony that he did not; counsel's failure to request a *Jackson-Denno* hearing because he believed the statements were freely and voluntarily given did not constitute deficient performance since appellant did not provide a meritorious basis to contest the admission of the statements to police (*Byrd v. State*, 274 Ga. 58 (2) (548 SE2d 2) (2001)); and the failure to seek a directed verdict of acquittal was not deficient performance since, as noted in Division 1, supra, the evidence presented by the State was sufficient to authorize appellant's conviction. *Robinson v. State*, 210 Ga. App. 278 (5) (435 SE2d 718) (1993). Accordingly, the trial court was correct when it concluded that trial counsel did not render ineffective assistance of counsel and when it denied appellant's amended motion for new trial.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 16, 2002.

*Sullivan, Sturdivant & Ogletree, Harold A. Sturdivant*, for appellant.

*William T. McBroom III, District Attorney, Thurbert E. Baker, Attorney General, Jennifer S. Gill, Assistant Attorney General*, for appellee.