## S93A1474. GREENE v. THE STATE.

(435 SE2d 607)

CLARKE, Chief Justice.

Brian Greene was convicted of the malice murder and armed robbery of Timothy Jones.[1] The trial court sentenced him to two, consec-

---

[1] The crimes occurred on July 6, 1991. The defendant was indicted at the July 1991 term of court, and tried December 2-4, 1991. The jury returned its verdict on December 4, 1991, finding the defendant guilty of malice murder, armed robbery and aggravated assault. The trial court sentenced the defendant that same day, merging the crime of aggravated assault

utive life sentence terms.

The victim was stabbed to death immediately after using an automatic teller machine. Two eyewitnesses who worked at a service station near the teller machine testified that they heard the victim screaming that he had been stabbed and robbed. One of these witnesses testified that he saw the defendant fleeing from the scene; the other testified that he saw the defendant stab the victim at least twice, then flee. A third eyewitness testified that he saw the victim's assailant, whom he was unable to identify, leaving the scene with "a sharp-pointed object, stilleto-like" in his hand. Another witness who knew the defendant had seen him near the teller machine before the crime, and was able to give police information leading to the defendant's arrest. No weapon was found on the victim.

The defendant made two statements to police. He initially denied being at the scene of the crime, but in a second statement admitted he had stabbed the victim "with a piece of steel" after the victim cursed at him. The defendant stated that he "did not intend to rob" the victim and could have taken the money the victim had in his hand, had he wished to.

The day following the murder the victim's wallet was found, concealed in a hole on the grounds of the defendant's apartment complex.

1. The defendant argues the trial court erred, as a matter of law, in refusing his requests to charge the lesser included offenses of robbery and theft by taking. Further, the defendant maintains that the evidence authorized a finding that he "did not take the wallet in conjunction with his altercation with the victim."

The state presented evidence which warranted a charge on armed robbery. The only evidence to the contrary was the defendant's statement to police that he did not intend to rob the victim.

This court has held that where the state's evidence demonstrates that the offense of armed robbery was completed, and the only evidence to the contrary is the defendant's denial that he participated in the crime, it is not error to refuse to charge lesser included offenses of armed robbery. *Frazier v. State*, 257 Ga. 690, 698 (362 SE2d 351) (1987); *Shepherd v. State*, 234 Ga. 75, 78 (214 SE2d 535) (1975). Further, it is not material to a conviction for armed robbery whether the victim was killed before or after the taking of the victim's property. *Lipham v. State*, 257 Ga. 808, 810 (364 SE2d 840) (1988). Therefore, there is no merit to the defendant's argument that, even if he did rob

---

into the conviction for malice murder. The defendant filed a motion for new trial on December 31, 1991. The case was subsequently transferred to another judge who denied the motion on May 28, 1993. The defendant submitted the case to this court on briefs on August 20, 1993.

the victim, it was not in conjunction with the slaying.

2. A rational trier of fact could have found the defendant guilty of malice murder and armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The defendant argues vigorously that since many of the victim's belongings, including the money he had removed from the automatic teller machine, were found next to the victim's body, there is insufficient evidence to show that an armed robbery took place. There was, however, testimony from witnesses who saw the defendant stab the victim, and heard the victim yell that he was being "robbed." Additionally, the victim's wallet was found, hidden on the grounds of the defendant's apartment complex. This evidence is sufficient to satisfy *Jackson v. Virginia.*

*Judgment affirmed. All the Justices concur. Hunstein, J., disqualified.*

DECIDED OCTOBER 25, 1993.

*Abbi Susan Taylor*, for appellant.

*J. Tom Morgan*, District Attorney, *Thomas S. Clegg, Gregory J. Giornelli*, Assistant District Attorneys, *Michael J. Bowers*, Attorney General, *Susan V. Boleyn*, Senior Assistant Attorney General, *Matthew P. Stone*, Staff Attorney, for appellee.

