## S96A1526. MAINER v. THE STATE.
(479 SE2d 731)

CARLEY, Justice.

A jury found Tyris Mainer guilty of felony murder while in the commission of a burglary and also of the underlying burglary itself. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.[1]

1. Shoe prints and tire tracks connected Mainer to the crime scene. Mainer made inculpatory statements, wherein he admitted fatally stabbing the victim after being caught in the act of burglarizing the victim's house. When construed most strongly in favor of the State, the evidence was sufficient to authorize a rational trier of fact to find proof of Mainer's guilt of murder and burglary beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Mainer pled guilty to two other burglaries committed within only a few miles and a few days of the burglary and murder involved in this case. During the trial, the State sought to introduce evidence of Mainer's commission of these two burglaries as relevant to his guilt of this burglary and murder. The trial court admitted the evidence over objection and Mainer enumerates this evidentiary ruling as error.

All three burglaries were of rural residences. Although Mainer did not hold a job during the period when the three burglaries were

---

[1] The murder and burglary were committed on July 23, 1990. On August 14, 1991, the grand jury returned its indictment charging Mainer with commission of the crimes. Mainer's first trial began on December 7, 1993, but, because the jury could not reach a unanimous verdict, the trial court declared a mistrial. In Mainer's instant retrial, the jury returned its guilty verdicts on March 30, 1995. On that same day, the trial court sentenced Mainer to a life term for the murder and to a consecutive 20-year term for the burglary. Mainer filed his notice of appeal on April 27, 1995 and the case was docketed in this Court on June 19, 1996. Mainer and the State submitted the case for decision on October 28, 1996.

committed, he was supporting himself by some means. Mainer sold items stolen in the other two burglaries and admitted to his friends the commission of all three burglaries. There were some differences between the burglaries. Unlike the burglary in this case, the other two did not culminate in a murder, but only in the theft of property from the residences. However, unlike the other two burglaries, the burglary involved in this case took place in an occupied residence and the victim apparently discovered the perpetrator before any items could be stolen. Indeed, Mainer admitted to a friend that his purpose in committing the burglary was "to get what he could," but that he stabbed the victim upon being discovered. Thus, but for Mainer's being surprised by the victim, this burglary would have fit the pattern of the other two burglaries that he admitted committing.

Under these circumstances, the trial court was authorized to find such sufficient similarity as to conclude that the other two burglaries were relevant to show Mainer's "bent of mind" or "course of conduct" in burglarizing seemingly unoccupied homes in the same rural area in a short period of time. *Farley v. State*, 265 Ga. 622 (2) (458 SE2d 643) (1995); *Malcolm v. State*, 263 Ga. 369, 370 (2) (434 SE2d 479) (1993). It is apparent that the other two burglaries were part of a larger plan or scheme, which included the commission of the burglary for which Mainer was being tried in this case. *Brockman v. State*, 263 Ga. 637, 640 (3) (436 SE2d 316) (1993).

3. On cross-examination, a law enforcement officer made a reference to the revocation of Mainer's probation. The trial court denied a motion for mistrial, but did give curative instructions. Mainer renewed his motion for mistrial and enumerates as error the denial of that renewed motion.

Citing *Boyd v. State*, 146 Ga. App. 359 (2) (246 SE2d 396) (1978), Mainer urges that a mistrial was mandated. However, *Boyd* does not establish a per se rule "that as a matter of law such statements by a police officer are inherently prejudicial and incapable of being cured." *Sabel v. State*, 250 Ga. 640, 644 (5) (300 SE2d 663) (1983). Even when the witness is a police officer, "the decision of whether such statements are so prejudicial as to warrant a mistrial [is left] to the discretion of the trial court. [Cits.]" *Sabel v. State*, supra at 644 (5). Here, the statement was elicited on cross-examination and was not volunteered on direct examination. See *Felker v. State*, 252 Ga. 351, 375 (11) (314 SE2d 621) (1984). Compare *Boyd v. State*, supra. Considering that the evidence of Mainer's guilt was overwhelming and that the trial court gave prompt instructions to disregard the witness' passing reference to the revocation of Mainer's probation, the trial court did not abuse its discretion in denying the renewed motion for mistrial. *Sabel v. State*, supra at 644 (5).

4. Because the underlying burglary merged into the felony mur-

der conviction, the trial court erred in entering a separate judgment of conviction and sentence on the jury's verdict finding Mainer guilty of the burglary. Accordingly, that separate judgment and sentence must be vacated. *Garrett v. State*, 263 Ga. 131, 132 (2) (429 SE2d 515) (1993). Compare *Garrett v. State*, supra at 132 (3).

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED JANUARY 21, 1997.

*Jack B. Williamson, Jr.*, for appellant.
*R. J. Martin III, District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Allison B. Goldberg, Assistant Attorney General,* for appellee.