### A98A0638. BETHEL v. THE STATE.
(500 SE2d 595)

BLACKBURN, Judge.

Lamont Bethel was convicted of armed robbery, aggravated assault, child cruelty, and false imprisonment in connection with the

---

robbery of a Big Apple Food Store. He appeals, contesting the sufficiency of the evidence and contending that the trial court erred in failing to charge on certain lesser included offenses. For the reasons set forth below, we affirm.

1. "On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." (Punctuation omitted.) *Slaughter v. State*, 227 Ga. App. 739 (1) (490 SE2d 399) (1997).

Shahzad Chaudry owned a Big Apple Food Store in Americus. At about 9:30 p.m. on June 19, 1996, Chaudry, his wife, and his two young children were in the store, preparing to close. Chaudry's wife was counting the money and placing it into a blue money bag for the bank. Two masked men then entered the store. Chaudry testified that one of the men was wearing black pants and a black t-shirt, had a handkerchief tied over his nose as a mask, and was carrying a handgun. The other man was dressed in light brown with a stocking over his face and was carrying a shotgun.

Chaudry testified that both men came into his office. As the man with the shotgun was searching the office, the other man pointed his handgun at Chaudry and demanded the money. This man then grabbed Chaudry's nine-year-old daughter and put the gun to her head, demanding the money. The other man, with the shotgun, then took the money bag from Chaudry's wife, and the two left the store. Chaudry testified that the money bag contained about $1,500 in cash, as well as food stamps, WIC vouchers, and checks. He particularly remembered that there was a check written on the Sumter County Sheriff's Department, which he had cashed earlier that day.

Chaudry testified that the two men ran to a shed in front of a store. Through a window, Chaudry saw the man with the stocking mask take off his mask and recognized him as Willie Harper. Harper lived near the store and had caused trouble on several previous occasions by yelling and cursing in the store.

Chaudry also testified that he recognized the other individual, who had been wearing a handkerchief over his nose during the robbery, as a previous customer in the store. Although Chaudry did not know the man's name, he knew that he lived with a woman who was one of his good customers. Chaudry identified Bethel in court as the man with the handkerchief who had pointed the handgun at him and his daughter. He testifed that he had no doubt about his identification of Bethel as the robber. Chaudry's wife also identified Bethel as the robber, stating that she had seen him in the store many times.

Jasper Robinson testified that Bethel lived at his grandmother's house near the Big Apple store. About 30 or 45 minutes before the robbery, he saw Bethel and Harper at a park talking to each other. They had weapons, and told Robinson that they were going to "hit a lick," meaning take something. After they finished talking, Robinson saw Bethel and Harper walking toward the store. Robinson then walked along a different path toward the store and stood at a pay telephone pretending to talk. He saw Bethel and Harper enter the store with weapons. He testified that one was wearing a scarf over his face and the other was wearing a knee-high stocking. He saw the two rob the Chaudrys and point their guns at Chaudry and his daughter. Later that evening, Robinson saw Bethel at his grandmother's house. Bethel gave Robinson a blue money bag and asked him to throw it away. Robinson was shown the blue money bag previously identified by Chaudry and his wife and testified that it was the same bag he was given by Bethel.

Shannon Evans testified that, a couple of days before the robbery, Bethel asked him if he would like to do an armed robbery with him. When Evans said he was not interested, Bethel said "Either you in or you ain't. You know, I'm fixing to go to find somebody else to do it." About 10:30 or 11:00 p.m. on the night of the robbery, Evans saw Bethel at his grandmother's house. Bethel asked if he could stay with Evans that night, because he was going to Miami the next morning. After Bethel got into the car with Evans, he pulled a wad of money out of his pocket and showed it to Evans. They went to Evans' girl friend's house, and Bethel went into a side bedroom and started counting his money. Evans also testified that he smelled something burning. Evans' girl friend, Linda Sheffield, testified that she saw Bethel burning some WIC vouchers and checks in an ashtray. She testified that she particularly remembered seeing a check from the sheriff's department.

Viewed in the light most favorable to the prosecution, this evidence was sufficient to authorize a rational trier of fact to find Bethel guilty beyond a reasonable doubt of each of the offenses charged. See *Jackson*, supra.

2. Bethel also contends the trial court erred in failing to charge the jury on the lesser included offenses of robbery and theft by receiving stolen property. These contentions are without merit. The evidence clearly established that the robbery was committed through the use of a weapon, and there was no evidence from which the jury could have found that the robbery was committed without use of such a weapon. Accordingly, the trial court did not err in refusing to charge the jury on the lesser included offense of robbery. *Greene v. State*, 263 Ga. 466, 467 (435 SE2d 607) (1993).

With respect to Bethel's contention that the court should have

charged on theft by receiving stolen property, that crime is not a lesser included offense of armed robbery, but is a separate offense proved by an entirely different set of facts. "A defendant is not entitled to an instruction on an offense for which he has not been charged that is not a lesser included charge." *Pruitt v. State*, 217 Ga. App. 681, 683 (3) (458 SE2d 696) (1995). As Bethel was not charged with receiving stolen property, the trial court did not err in refusing to charge on such offense. See *Adams v. State*, 164 Ga. App. 295, 296-297 (2) (297 SE2d 77) (1982); *Lee v. State*, 259 Ga. 230, 232 (3) (378 SE2d 855) (1989).

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MARCH 24, 1998 —
RECONSIDERATION DENIED APRIL 6, 1998.

*Ellis, Easterlin, Peagler, Gatewood & Skipper, Paul O. Farr*, for appellant.

*John R. Parks, District Attorney, Barbara A. Becraft, Assistant District Attorney*, for appellee.