733 So.2d 333 (1998)
City ROBINSON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-00983 COA.
Court of Appeals of Mississippi.
December 30, 1998.
Rehearing Denied April 16, 1999.
*334 David W. Lambert, West Point, Attorney for Appellant.
Office of the Attorney General by Scott Stuart, Attorney for Appellee.
Before BRIDGES, C.J., and PAYNE and SOUTHWICK, JJ.
SOUTHWICK, J., for the Court:
¶ 1. City Robinson was convicted of the sale of cocaine within fifteen hundred feet of a church. On appeal Robinson alleges defects in the chain of custody for the cocaine and improper prosecution comments during closing arguments. These issues lack merit and we therefore affirm.

FACTS
¶ 2. On July 11, 1996, two confidential informants met with agents from the Mississippi Bureau of Narcotics in order to prepare to make undercover drug purchases. While one agent equipped the informants' vehicle with video surveillance equipment and a transmitter, another agent searched the informants to ensure that they had no illegal drugs in their possession. Because they were making five drug purchases that day, the informants were given five numbered bags in which to place the drugs upon completion of each transaction. Once the preparations were complete, the informants drove to an area frequented by drug dealers.
¶ 3. At approximately 12:40 p.m., the informants purchased two rocks of crack cocaine from the appellant City Robinson for $40. Following completion of the sale, the informants gave a description of the dealer to the narcotics agents. They then placed the drugs in a numbered bag and turned it over to the agents. The agents viewed the videotaped drug purchases and identified the dealers, including Robinson.
¶ 4. After a jury trial, Robinson was found guilty of the sale of cocaine within fifteen hundred feet of a church. He was sentenced to eighteen years in the custody of the Mississippi Department of Corrections and fined $10,000.

DISCUSSION

I. Chain of Custody
¶ 5. Robinson complains that the cocaine should not have been admitted into evidence against him, as the State failed to prove that it was the same cocaine that *335 was purchased from him. Robinson alleges that there is no certainty that the State tested the substance obtained from him as opposed to one of the other four buys made that same day.
¶ 6. Identification of the substance purchased from an accused is obviously critical to proof of guilt of the sale of a controlled substance. The State must present evidence "sufficient to support a finding that the matter in question is what its proponent claims." M.R.E. 901. Testimony that a particular material is a controlled substance is of no relevance unless the State also proves the defendant's connection to that particular substance. A reliable chain of custody that begins with the acquisition by the State of the "matter in question" and ends with the testing of the substance satisfies the relevance requirement. Butler v. State, 592 So.2d 983, 984 (Miss.1991). The proof is not necessarily defective just because a technical problem with one of the links in the chain is shown. We afford significant discretion to the trial judge regarding these issues. Nails v. State, 651 So.2d 1074, 1077 (Miss. 1995).
¶ 7. The informants testified that as each sale occurred, they placed the drugs in the numbered bag corresponding to the number of the sale. For example, the first cocaine purchased was placed in bag number one. Although in their trial testimony they did not recall how many transactions had occurred prior to the purchase from Robinson, they were certain that what Robinson sold them was placed in its proper bag. After the informants completed the purchases, they testified that they gave the bags to the narcotics agent.
¶ 8. The narcotics agent testified that he could not remember the order in which the purchases occurred, but he could view the videotape and make this determination. Once the drugs were turned over to him by the informants, the agent stated that he placed a seal on the bag which he signed and dated. An assigned case number was also placed on the seal and on the evidence label on the front of the bag. He was not asked to describe his record-keeping, but he testified that the case number for Robinson's transaction was the one on the sealed bag containing the cocaine tested by the crime lab. Finally, the agent stated that after labeling the bags, he submitted them to the crime lab and later picked them up after testing was completed.
¶ 9. The commonly made statement is that a trial court will not be found to have abused its discretion in admitting evidence over a chain of custody objection unless there is some indication of tampering or substitution of evidence. Wells v. State, 604 So.2d 271, 277 (1992). We agree with the trial court that no such indication appears here.
¶ 10. In addition, Robinson contends that the narcotics agents failed to search the informants before the transaction, making it possible that the informants planted the cocaine in an effort to collect the $100 which they earned per drug transaction. The narcotics agent contradicted the informants' testimony, as he stated that he patted the informants down. That dispute concerns the weight of the evidence and was properly resolved by the jury.
¶ 11. The trial judge did not abuse his discretion by allowing the cocaine into evidence.

II. Improper prosecutorial comment
¶ 12. Finally, Robinson contends that the prosecutor made an improper comment during closing arguments that prejudiced his defense. Specifically, the prosecutor stated that "I suspect some of you have children ... I suspect that some of you, after being exposed to this are going to wonder where your children are and hope that they are not on Cottrell Street" where the Robinson sale occurred. The prosecutor went on to remark that "City Robinson, if he walks out those doors, you know what he is going to do? He is going to do exactly what he was doing before this. What is that? Selling *336 crack cocaine to the citizens of Clay County, our county."
¶ 13. The often-stated general rule is that wide latitude is given attorneys in making closing arguments. Rushing v. State, 711 So.2d 450, 455 (Miss.1998). Alleged improper comments are viewed in their context, which requires considering the circumstances of the case. Ballenger v. State, 667 So.2d 1242, 1270 (Miss.1995). A high standard is required before attorney argument will create reversible error: is "the natural and probable effect" of the argument such as to cause the jury likely to reach "a decision influenced by prejudice." Rushing, 711 So.2d at 455.
¶ 14. A closing argument similar to this one occurred when another prosecutor raised the possibility of a person accused of murder going free in the jurors' neighborhoods. Dancer v. State, 721 So.2d 583 (¶ 28) (Miss.1998). The court noted that "the prosecutor was not arguing a statement of fact that was in evidence or that was even relevant to the issue before the jury[the defendant's] guilt or innocence. The statement was made with the intent to frighten the jurors, and such a tactic is impermissible." Id. ¶ 33. The comment was improper, but the court found that it did not constitute reversible error in light of the overwhelming evidence of his guilt presented at trial. Id. ¶ 35.
¶ 15. Perhaps it is because improper closing arguments rarely result in reversal that it is with some frequency that prosecutors overstep the proper bounds. The remark by the prosecutor about Robinson was an impermissible attempt to frighten the jury. It asked jurors to consider matters outside the record and outside the issue of Robinson's guilt or innocence. We find the arguments harmless error, though. The evidence of Robinson's guilt was substantial, given the video tape and the testimony of the informants that Robinson was the individual who sold them two rocks of cocaine. As a result, we cannot say that the natural and probable effect of the prosecutor's comment resulted in a verdict influenced by prejudice as opposed to evidence.
¶ 16. The natural and probable consequence of granting wide latitude to closing argument should not be to cause wideranging improper arguments. Trial courts should control the arguments and consider contempt for those who disregard the proper boundaries. Appellate review may on occasion require reversal of convictions, which is not necessary here. Reversal, however, should not be the principal or even only remedy ever utilized.
¶ 17. THE JUDGMENT OF THE CLAY COUNTY CIRCUIT COURT OF CONVICTION OF SELLING COCAINE WITHIN 1500 FEET OF A CHURCH AND SENTENCE OF EIGHTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND $10,000 FINE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO CLAY COUNTY.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., and COLEMAN, HERRING, HINKEBEIN, KING and PAYNE, JJ., concur.
DIAZ, J., concurs in result only.