### S99A0785. JONES v. THE STATE.
(520 SE2d 690)

CARLEY, Justice.

A jury found Cedric Jones guilty of the felony murder of Ms. Priscilla McKnight while in the commission of an armed robbery and aggravated assault. He appeals from the judgment of conviction and

life sentence entered by the trial court on the jury's guilty verdict.[1]

In his sole enumeration of error, Jones urges that the evidence is insufficient to authorize his conviction. The State based its prosecution on the theory that Jones jointly participated with Larry Kinney in commission of the murder. Jones was Ms. McKnight's neighbor, and Kinney was her cousin. Although jointly indicted, they were tried separately pursuant to the grant of a motion for severance. At Jones's trial, the prosecutor called a witness who testified that, shortly after the murder, Kinney told her that he had been present when Jones and another individual robbed and killed Ms. McKnight because she refused to give them money to purchase drugs. This testimony was admissible against Jones, because it was made by Kinney before the termination of their alleged conspiracy. *Brown v. State*, 262 Ga. 223, 225 (2) (b) (416 SE2d 508) (1992). Although Kinney testified in Jones's defense and denied making the statement, the jury was authorized to find that the testimony of the State's witness was the more credible version of the actual events. *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982). Jones correctly contends that his conviction cannot rest exclusively upon the uncorroborated statement attributed to Kinney. OCGA § 24-4-8. However, the State is required to produce only slight corroborative evidence of Jones's participation in the crime. *Hardin v. State*, 252 Ga. 99, 100 (4) (311 SE2d 462) (1984). Here, the prosecuting attorney also introduced Jones's own post-arrest statement, wherein he admitted being present when Kinney and another person committed the murder, but disavowed any active participation therein. The jury could find that Jones's statement, which was replete with details that only a participant in the crime would know, sufficiently corroborates the statement of Kinney implicating Jones as a guilty party. *Parkerson v. State*, 265 Ga. 438, 439 (2) (457 SE2d 667) (1995); *Mosier v. State*, 223 Ga. App. 75 (476 SE2d 842) (1996). When we construe the evidence most strongly against Jones, it is sufficient to authorize a rational trier of fact to find proof of Jones's guilt of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Kelly v. State*, 270 Ga. 523, 525 (2) (511 SE2d 169) (1999).

*Judgment affirmed. All the Justices concur.*

---

[1] The murder occurred on December 1, 1997. The grand jury indicted Jones on July 16, 1998. The jury returned its guilty verdict on January 14, 1999 and, on that same day, the trial court entered its judgment of conviction and imposed the life sentence. Jones filed his notice of appeal on February 15, 1999. The case was docketed in this Court on March 2, 1999, and was submitted for decision on April 26, 1999.

DECIDED SEPTEMBER 13, 1999.

*John F. McClellan, Jr.,* for appellant.

*Tambra P. Colston, District Attorney, Harold W. Goldin, Jr., Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Frank A. Ilardi, Assistant Attorney General,* for appellee.