THOMAS, J.,
for the Court:
¶ 1. Lance Cockerham appeals his conviction of the sale of marijuana in the Monroe County Circuit Court to this Court, raising the following issues as error
I. THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT’S MOTION FOR A NEW TRIAL, OR IN THE ALTERNATIVE, A DIRECTED VERDICT.
III. WHETHER OR NOT THE TRIAL COURT ERRED IN ALLOWING ANN HAYDOCK FROM THE MISSISSIPPI CRIME LABORATORY TO TESTIFY EVEN THOUGH HER NAME WAS NOT ON THE STATE’S WITNESS LIST.
FACTS
¶ 2. In January 1997 the Monroe County, Mississippi Sheriffs Department and the North Mississippi Narcotics Unit began an undercover operation. In April 1997 they were conducting an investigation in the Bartahatchie community which led to the investigation and arrest of the appellant, Lance Cockerham. On April 16, 1997, Investigator Sam Warren, undercover agent Sandy Crum, Officer Ray Blay-lock, an investigator with the Monroe County, Mississippi Sheriffs Department and the North Mississippi Narcotics Unit, and Ricky Mills, a confidential informant, met for a “pre buy” meeting in order to prepare for an undercover drug purchase. At such time Ray Blaylock issued Sandy Crum $40 and a body transmitter. Crum *433 and Mills left the meeting to go to Rusty Reeve’s home to make the buy and Blay-lock and Warren followed.
¶ 3. The body transmitter recorded the buy from Coekerham. Mills testified that the person who sold Crum the marijuana was Coekerham and that he knew Cocker-ham from the community. Crum testified that Coekerham sold her the drugs. Blay-lock also testified that although the cassette recording of the transaction was difficult to decipher, he could hear the buy much clearer as it occurred and recognized the conversation to be a buy.
¶ 4. After the transaction took place, the undercover agent, the confidential informant and the surveillance team met again for a “post buy” meeting. Officer Blaylock testified that Crum gave him approximately $40 of marijuana in a sandwich bag which he immediately placed in an evidence bag marked with the case number. Later that evening Officer Blaylock sealed the bag and filled out a submission form required in order to send it to the crime lab. The submission form had the case number matching the defendant’s case number; however, the submission form described the substance as a “white rock-like substance.” Officer Blaylock testified that this was a human error made because it was late when he filled out the paperwork and he had six cocaine buys that day which he had to do paperwork on also. He also put the wrong date of the drug buy with Lance Coekerham on his report to the North Mississippi Narcotics Unit. He testified that he had made typographical errors when filling out his paperwork.
ANALYSIS
I.
THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT’S MOTION FOR A NEW TRIAL, OR IN THE ALTERNATIVE, A DIRECTED VERDICT.
¶ 5. Cockerham’s motion for a new trial challenges the weight of the evidence. In determining whether a verdict is against the overwhelming weight of the evidence and a new trial should be granted, this court must view all evidence in the light most consistent with the jury verdict. Veal v. State, 585 So.2d 693, 695 (Miss.1991). Furthermore, the Supreme Court has held that a new trial may be granted only when “the verdict is so contrary to the overwhelming weight of the evidence that, to allow it to stand, would be to sanction an unconscionable injustice.” May v. State, 460 So.2d 778, 781 (Miss.1984).
¶ 6. Motions for directed verdict and motions for JNOV challenge the sufficiency of the evidence. In reviewing a challenge to the sufficiency of the evidence, this Court views the evidence in the light most favorable to sustaining the conviction. McClain v. State, 625 So.2d 774, 778 (Miss.1993). We may not reverse unless the State’s proof as to one or more of the elements of the offense charged is so deficient that a reasonable and fair-minded juror could only find the accused not guilty. Id. We review the ruling on the motion for JNOV, the last occasion the challenge was made in the court below.
¶ 7. In the case at bar, the undercover agent and the confidential informant testified that the person who sold the controlled substances was Coekerham, and Blaylock, the investigating officer, heard the sale with the help of the body transmitter. Additionally, the tape corroborated that a sale took place and who was involved. Based on this and all other evidence presented at trial, the jury’s verdict was not against the overwhelming weight of the evidence, and there was sufficient evidence to sustain the conviction. Accordingly, we find that Cockerham’s assignment of error is without merit.
II.
THE STATE FAILED TO PROVE THE CHAIN OF CUSTODY OF THE MARIJUANA.
*434 ¶ 8. Cockerham complains that the marijuana should not have been admitted into evidence against him because the State failed to establish the chain of custody.
¶ 9. A reliable chain of custody of the purported controlled substance is required to ensure that the substance purchased from the accused and the matter tested by the lab are the same item. This is required to prevent tampering and ensure that the State proves every element of its case, including that the substance was connected to the defendant and was actually a controlled substance. Proof regarding the chain of custody is not necessarily defective just because a technical problem with one of the links exists.
¶ 10. The trial court judge is given significant discretion in admitting evidence over chain of custody objections. Nalls v. State, 651 So.2d 1074, 1077 (Miss.1995). The Mississippi Supreme Court has established the test for chain of custody issues to be whether or not there is any indication or reasonable inference of probable tampering with the evidence or substitution of the evidence. Wells v. State, 604 So.2d 271, 277 (Miss.1992). Further, we will not reverse the trial court’s decision unless the trial judge has so abused his discretion as to be prejudicial to the defendant. Thomas v. State, 711 So.2d 867, 871 (Miss.1998); Morris v. State, 436 So.2d 1381, 1388 (Miss.1983). Additionally, actions of law enforcement officers regarding preservation of evidence are given a strong presumption of validity. Nixon v. State, 336 So.2d 742, 744 (Miss.1976).
¶ 11. Agent Sandy Crum testified that she gave the bag she received from the defendant to Officer Blaylock at the post buy meeting. Officer Blaylock testified that he put the bag he. received from Crum into an evidence bag and brought it to and picked it up from the crime lab.
¶ 12. In Shelton, a typographical error regarding when rape evidence was collected was made, and the Court held that this was a question of credibility for the jury to decide and not a matter of error for appeal. Shelton v. State, 728 So.2d 105, 113 (Miss.Ct.App.1998). Also, the Court in Robinson affirmed the trial court in allowing the evidence to be admitted where the officer testified that the case number for the transaction was the one on the evidence bag containing the controlled substance tested by the crime lab. Robinson v. State, 733 So.2d 333, 335 (Miss.Ct.App.1998). The Court held the evidence of proper chain of custody was sufficient and no indication of tampering or substitution of evidence existed. Id.
¶ 13. According to Rule 901(a) of the Mississippi Rules of Evidence, “the requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.” M.R.E. 901(a). In the light of the officers’ testimony and the audiotape there is sufficient evidence to allow the marijuana to be admitted into evidence. There is also no indication or reasonable inference of probable tampering or substitution of the evidence; thus, absent some demonstrated prejudicial impact on Cockerham’s case, we will not disturb the trial court’s discretion in this regard. We find no such prejudice and therefore affirm the trial court’s findings.
III.
WHETHER OR NOT THE TRIAL COURT ERRED IN ALLOWING ANN HAYDOCK FROM THE MISSISSIPPI CRIME LABORATORY TO TESTIFY EVEN THOUGH HER NAME WAS NOT ON THE STATE’S WITNESS LIST.
¶ 14. Cockerham maintains that the lower court erred in allowing Ann Haydoek, the evidence clerk for the crime lab, to testify. Cockerham claims that since Haydock’s name was added to the witness list the morning before trial, it constituted a discovery violation as set *435 forth in Box v. State, 437 So.2d 19 (Miss.1983).
¶ 15. Box set forth the procedure trial courts should follow when confronted with a discovery violation. Uniform Circuit and Chancery Court Rule 9.04 now reflects this procedure:
(1) Upon the defense’s objection, the trial court should give the defendant a reasonable opportunity to become' familiar with the undisclosed evidence by interviewing the witness, then after such an opportunity,
(2) if the defendant believes he needs more time to adequately be prepared to meet the evidence, he must request a continuance. Failure to do so constitutes a waiver. Box, 437 So.2d at 19 (Robertson, J. specially concurring). See also Griffin v. State, 504 So.2d 186, 195 (Miss.1987); Cole v. State, 525 So.2d 365, 368 (Miss.1987).
¶ 16. In the case at bar the defendant only asked that the witness be prohibited from testifying and did not request a recess or a continuance. Cockerham is procedurally barred from raising this issue.
¶ 17. However, even if under some remote possibility we were to hold that there was a discovery violation, it would be a harmless error. Not every person who handled the object nor every moment needs to be accounted for when determining the admission of evidence. Doby v. State, 532 So.2d 584, 588 (Miss.1988). Since the record indicates the bag was sealed when it was dropped off at the crime lab and not opened until examined, the person receiving the exhibit at the lab was not a necessary witness.
¶ 18. THE JUDGMENT OF THE MONROE COUNTY CIRCUIT COURT OF CONVICTION OF SALE OF MARIJUANA AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, ONE YEAR SUSPENDED WITH POST-RELEASE SUPERVISION UPON RELEASE, AND FINE OF $1000.00 IS AFFIRMED. COSTS OF APPEAL ARE TAXED TO MONROE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, LEE, MOORE, AND PAYNE, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.