A00A0276. HAWKINS v. THE STATE.
(528 SE2d 853)

PHIPPS, Judge.

Following denial of his motion for new trial, Kenny Hawkins appeals his armed robbery conviction. He contends that the trial court erred in denying his oral request to instruct the jury on theft by receiving stolen property as a lesser included offense and that the evidence is insufficient to support the verdict. Finding no error by the trial court in refusing to give the requested charge and ample evidence to support the verdict, we affirm.

On the evening of September 16, 1997, Cheryl Brown went to

---

her aunt's home and parked her car in the driveway. As she was exiting the car, she came face-to-face with a man holding a shotgun. Thinking she was about to be shot, she escaped through the passenger side of the car. The man instructed her to drop the car keys, and she complied. She then fled across the street, and the man departed the scene in her car.

Afterward, the police were contacted. Brown described her assailant as a black male, about 17 to 19 years old, approximately 5'7" tall, weighing about 130 pounds, with a thin build, dark complexion, and short Afro haircut. Four days after Brown's car was stolen, the police apprehended Hawkins and Carey Williams attempting to sell it. Hawkins fit the basic description given by Brown. The following day, Brown viewed a photographic lineup containing Hawkins's picture. She positively identified him in the lineup and at trial. Williams pled guilty to the charge of theft by receiving stolen property and testified against Hawkins.

1. For a number of reasons, the court did not err in refusing to give Hawkins's oral request for a jury instruction on the theft offense.

To begin with, theft by receiving stolen property is not a lesser included offense of armed robbery but is a separate offense proved by an entirely different set of facts.[1] " 'A defendant is not entitled to an instruction on an offense for which he has not been charged that is not a lesser included charge.' [Cit.]"[2]

And even if theft by receiving were a lesser included offense of armed robbery, the court would not have erred in refusing to give the requested charge here. Absent a written request to charge, the failure to instruct the jury on a lesser included offense is not error unless the charge constitutes the defendant's sole defense.[3] Hawkins's defense was alibi. Moreover, the State's evidence did not show that Hawkins received the car in any way other than by perpetrating an armed robbery upon the owner, and Hawkins denied ever acquiring possession or control of the car. Therefore, neither the evidence presented by the prosecution nor the evidence presented by the defense reasonably raised the issue that Hawkins may have been guilty of theft by receiving.[4]

2. In challenging the sufficiency of the evidence, Hawkins maintains that Brown's identification of him was inadequate to provide

---

[1] *Bethel v. State*, 232 Ga. App. 82, 85 (2) (500 SE2d 595) (1998).
[2] Id.
[3] See *Jones v. State*, 220 Ga. App. 784 (470 SE2d 326) (1996).
[4] See *Jackson v. State*, 213 Ga. App. 170, 171 (2) (b) (444 SE2d 126) (1994) (charge on lesser included offense not required where the evidence shows either the commission of the completed offense as charged or the commission of no offense); *Hurston v. State*, 202 Ga. App. 311 (1) (414 SE2d 303) (1991) ("receiving" stolen property means acquiring possession or control).

proof of guilt beyond a reasonable doubt, because the armed robbery occurred at night and Brown did not notice a scar on his face. Hawkins also attacks Williams's credibility due to an inconsistency between testimony given by him at his guilty plea hearing and at trial and because of his admission that he had told police what they wanted to hear.

Even though the robbery was committed at night, both Brown and her aunt testified that the area was well lit. Brown also testified that she got a good look at Hawkins, and she was unwavering in her identifications of him. She explained that she did not see his scar because it is on the side of his face, and at the time of the robbery, she was looking directly at him. Issues relating to Williams's credibility were within the exclusive province of the jury.[5] Construed in a light most favorable to the verdict, the evidence authorized any rational trier of fact to have concluded that Hawkins was guilty of armed robbery beyond a reasonable doubt.[6]

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 26, 2000 —
RECONSIDERATION DENIED MARCH 6, 2000.

*Gerard B. Kleinrock*, for appellant.
Kenny Hawkins, *pro se.*
*J. Tom Morgan*, District Attorney, *Maria Murcier-Ashley*, Assistant District Attorney, for appellee.

---

[5] *Starks v. State*, 237 Ga. App. 741 (516 SE2d 590) (1999).
[6] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[1] 223 Ga. App. 556 (479 SE2d 386) (1996).