## S01A1601. ARMSTRONG v. THE STATE.
(560 SE2d 643)

FLETCHER, Chief Justice.

A jury convicted Joshua Armstrong of felony murder, armed robbery, and burglary for his involvement in the killing of Blanche Atwood. The principal issue on appeal is whether the State satisfied chain of custody requirements for a blood-stained t-shirt that had the victim's DNA on it. Because we find there was a sufficient evidentiary foundation to admit the t-shirt into evidence and Armstrong's

other enumerations of error are without merit, we affirm.[1]

On September 3, 1998, Armstrong and an accomplice, Tony Elam, skipped school and forced their way into the home of Blanche Atwood, whose grandson was a drug dealer. They beat Atwood to death and stole money, drugs and a cellular telephone from the house. Then, they changed out of their bloody clothes and used the cell phone and some of the money from the robbery to purchase tattoos and drugs. Elam later bragged about killing an elderly lady to get money for his tattoos. Armstrong also admitted to friends his participation in stealing from Atwood; he denied beating her, however.

The police arrested Elam and Armstrong, and Elam pleaded guilty to felony murder and armed robbery and agreed to testify against Armstrong. At trial, Elam testified that Armstrong had beaten Atwood to death and that Armstrong had a hammer, which he abandoned at the crime scene. The medical examiner testified that Atwood had been struck with a blunt, hard object.

1. Taking the evidence in the light most favorable to the jury's verdict, we conclude that there was sufficient evidence from which a rational trier of fact could have found Armstrong guilty of the crimes for which he was convicted.[2]

2. We next examine whether the trial court erred in admitting into evidence a bag of clothes that contained a white t-shirt with the victim's DNA on it. At trial, the State offered into evidence a bag of clothes that the police had received from Armstrong's stepfather's personal attorney. The bag contained a white t-shirt with blood stains. Armstrong contends that the trial court erred in admitting the bag of clothes because the State failed to show a sufficient evidentiary connection between him and the clothes.

When the State seeks to introduce into evidence an item that is subject to the chain of custody rule, it must establish with reasonable assurance that the item seized is the same as the item being offered into evidence.[3] We agree with the courts that have held the chain of

---

[1] The crimes were committed on September 3, 1998. A grand jury indicted Armstrong on February 4, 1999, and a jury convicted Armstrong on October 9, 2000. Armstrong was sentenced to two consecutive life sentences for the murder and robbery convictions, and a concurrent sentence of twenty years of probation for the burglary. Armstrong moved for a new trial on October 16, 2000 and amended his motion on May 17, 2001. The trial court denied Armstrong's motion for new trial on May 21, 2001. Armstrong filed his notice of appeal on June 6, 2001, and the case was docketed in this Court on July 25, 2001. The case was submitted for decision on September 17, 2001.

[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see also *Perkinson v. State*, 273 Ga. 814, 816 (546 SE2d 501) (2001); *Jones v. State*, 271 Ga. 433 (520 SE2d 690) (1999).

[3] See, e.g., *Johnson v. State*, 271 Ga. 375, 382 (519 SE2d 221) (1999); *Stephens v. State*, 259 Ga. 820, 820-821 (388 SE2d 519) (1990); *Anderson v. State*, 247 Ga. 397, 399 (276 SE2d 603) (1981).

custody requirements apply only after the State has taken possession of an item.[4] Absent affirmative evidence of tampering, challenges to evidence that focus on the period before the State took possession are governed by general rules of relevance and authentication.

With respect to the period after the State took possession of the bag of clothes, we hold that the State satisfactorily showed the chain of custody by demonstrating with reasonable assurance that the bag of clothes introduced at trial contained the same clothes taken from Armstrong's stepfather's attorney. The police received a bag of clothes from the attorney that contained a white t-shirt with blood stains. A state crime lab technician testified that the victim's DNA was definitely on the t-shirt, and Armstrong's DNA was not on the shirt. The tests could not exclude Elam's DNA from being on the t-shirt, but also could not determine whether his DNA was on the shirt. A police technician testified that clothes received from the attorney were the same as the clothes being offered at trial. The State's witnesses also testified regarding the bag of clothes as it moved from the stepfather's attorney to the crime lab to trial. The State's witnesses established the chain of custody from the time the State took possession of the bag of clothes until it was offered into evidence at trial.

Turning to the period before the State took possession of the bag of clothes, we find that there was a sufficient evidentiary connection between Armstrong and the bag of clothes received by the police to support admitting the clothes into evidence. Elam testified that he wore a white t-shirt during the crimes, and he left that shirt at Armstrong's house. Armstrong's father took a soft, bulky bag to Armstrong's stepfather who, in turn, took it to his attorney. The police retrieved a bag of clothes containing a t-shirt with the victim's DNA on it from the stepfather's attorney. Although Armstrong's stepfather testified that the bag offered at trial appeared different from the one he took to his attorney, a police technician testified that she removed the clothes from the bag retrieved from the attorney and placed them in another bag before forwarding the clothes to the State Crime Lab. Under these circumstances, the trial court did not abuse its discretion in admitting the bag of clothes into evidence. Any remaining doubt regarding the connection between the clothes and Armstrong goes to their evidentiary weight, not their admissibility, and the jury is charged with deciding how much weight to give evidence.[5]

---

[4] See *Broadnax v. State*, No. CR-97-0113, 2000 Ala. Crim. App. LEXIS 178, at * 65-66 (Ala. Cr. App. June 30, 2000); *Robinson v. State*, 733 So.2d 333, 335 (Miss. Ct. App. 1998); *Burrell v. State*, 689 So.2d 992, 995-996 (Ala. Cr. App. 1996); *Wash v. State*, 408 N.E.2d 634, 638 (Ind. Ct. App. 1980); *Commonwealth v. Jenkins*, 332 A.2d 490, 492 (Pa. Sup. Ct. 1974); see also *State v. Conrad*, 785 P.2d 185, 189 (Mont. 1990).

[5] See *Beam v. State*, 265 Ga. 853, 854 (463 SE2d 347) (1995); see generally *Peppers v. State*, 261 Ga. 338, 340 (404 SE2d 788) (1991).

Armstrong also argues that the bag of clothes should have been excluded because the State generally mishandled evidence in the case. There was no evidence of evidence tampering, and Armstrong's argument that the State mishandled certain items of evidence is too speculative to require exclusion of the bag of clothes.[6] Whatever doubt may have arisen from the alleged mishandling of evidence in this specific case could have been argued to, and considered by, the jury.[7]

3. Armstrong's final enumeration of error is that the trial court improperly refused to charge the jury on robbery as a lesser included offense of armed robbery, as he requested. The evidence established at trial that a weapon of some variety was used to beat Atwood to death. Based on the undisputed evidence that the offense of armed robbery was committed, the trial court did not err in refusing to charge the jury on robbery.[8]

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 11, 2002.

*Lawrence W. Daniel*, for appellant.

*Patrick H. Head, District Attorney, Dana J. Norman, Andrew J. Saliba, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Ruth M. Bebko, Assistant Attorney General*, for appellee.

---

[6] See *Johnson*, 271 Ga. at 382; *Beam*, 265 Ga. at 854.

[7] See *Johnson*, 271 Ga. at 382; *Beam*, 265 Ga. at 854; see generally *Peppers*, 261 Ga. at 340.

[8] See *Greene v. State*, 263 Ga. 466, 467 (435 SE2d 607) (1993).