## A03A1465. SHINHOLSTER v. THE STATE.
### (586 SE2d 708)

ADAMS, Judge.

Jamell Shinholster was convicted of aggravated assault. On appeal he contends that the trial court erred by failing to instruct the jury on reckless conduct, and that the court should have prevented the State from referring to reckless conduct during closing argument.

Construed in favor of the verdict, the evidence shows that Shinholster intentionally fired a gun at another man in connection with an ongoing altercation between the two men. Shinholster admitted that he shot at the victim but claimed that he shot in self-defense.

During the course of the jury charge conference, defense counsel orally requested a jury charge on reckless conduct as a lesser included offense of aggravated assault. The court denied the request because Shinholster had failed to present a written request as required by OCGA § 5-5-24 (b). During Shinholster's closing argument, Shinholster's counsel argued that although there would be no jury charge on the matter, the State should have charged Shinholster with reckless conduct only. The State objected, and the court prohibited defense counsel from referring to the law of reckless conduct. During its closing, the State noted that Shinholster had been charged with aggravated assault, and said, "It's not reckless conduct. While it may be reckless, it fits into the parameters of what aggravated assault is. And that's what he is charged with." The defense attorney did not object to this statement during the closing itself but, rather, shortly thereafter.

With regard to the charge itself, we find no error. "Absent a written request for a charge on a lesser included offense, made at or before the close of the evidence, the failure to so charge is not error." (Citations and punctuation omitted.) *Hawkins v. State*, 267 Ga. 124, 125 (3) (475 SE2d 625) (1996). Also, the requested charge was not a charge on Shinholster's sole defense — he argued self-defense. See *Hawkins v. State*, 242 Ga. App. 603, 604 (1) (528 SE2d 853) (2000). Nor do we find that there was a substantial error harmful as a matter of law. See OCGA § 5-5-24 (c). Because Shinholster admitted intentionally shooting a gun at the victim, a charge on reckless con-

duct was not warranted. *Riley v. State*, 250 Ga. App. 427, 429 (2) (551 SE2d 833) (2001).

With regard to the State's comments during closing argument, the trial court has discretion to determine the range of proper closing argument. *Morgan v. State*, 267 Ga. 203 (1) (476 SE2d 747) (1996). Given the comments made by the defense attorney about reckless conduct and defense counsel's failure to immediately object, we find no abuse of discretion.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED AUGUST 19, 2003.

*Robert P. Westin*, for appellant.

*Fredric D. Bright, District Attorney, Shelley S. Tice, Assistant District Attorney*, for appellee.