S04A1394. WHITE v. THE STATE.
(604 SE2d 159)

CARLEY, Justice.

A jury found Antonio Dewayne White guilty of felony murder while in the commission of attempted armed robbery, a separate count of the underlying attempted armed robbery, two counts of armed robbery, and two counts of aggravated assault. The trial court entered judgments of conviction and imposed three consecutive sentences of life imprisonment for the felony murder and armed robbery charges. Additionally, the trial court sentenced White to consecutive twenty-year terms for the aggravated assault charges and to a concurrent ten-year term for attempted armed robbery, all of which are to be served on probation. The trial court denied a motion for new trial, and White appealed to the Court of Appeals, which properly transferred the case to this Court.[1]

1. In his sole enumeration of error, White contends that the evidence is not sufficient for a rational trier of fact to find beyond a reasonable doubt that he was a party to the crimes.

---

[1] The crimes occurred on July 19, 2001, and the grand jury returned its indictment on June 4, 2002. The jury found White guilty on December 3, 2002 and, on December 5, 2002, the trial court entered the judgments of conviction and sentences. On December 19, 2002, White filed a motion for new trial, which the trial court denied on May 16, 2003. White filed a notice of appeal on May 21, 2003. The case was docketed in this Court on April 23, 2004 and submitted for decision on June 14, 2004.

Construed in support of the verdicts, the evidence shows the following: White and four others who were riding in the same car engaged in two violent incidents. During the first, they pulled behind the car of Walter Bivens and robbed him at gunpoint. After taking items of personal property, they forced him out of his car, prompting him to flee from the scene as shots were fired at him. According to Mr. Bivens, all parties except the driver exited the car. The second incident occurred soon thereafter at a cookout in an apartment complex. White and the others left the car, and at least one began firing a gun, ordering the victims to "give it up." Leon Wimberly, a co-indictee, shot and killed Terrence Thomas. Although Wimberly testified that White did not have prior knowledge of the robbery plan, Wimberly originally told police that White and two others pointed a gun at him and ordered him to commit the crime.

> "While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." [Cit.]

*Johnson v. State*, 275 Ga. 650, 654 (8) (571 SE2d 782) (2002). White admitted that he was not the driver and that he left the car during the first incident, willingly reentered the car, and went with the others to another crime scene. Furthermore, Mr. Bivens testified that all occupants other than the driver exited the vehicle and actively participated in the attack. A rational trier of fact clearly could infer White's participation and criminal intent from this evidence. See *Felder v. State*, 270 Ga. 641, 642 (1), 644 (4) (514 SE2d 416) (1999); *Walsh v. State*, 269 Ga. 427, 429 (1) (499 SE2d 332) (1998).

As to the second incident, White argues that Wimberly's prior statement is not sufficient evidence to support the verdicts because it was retracted at trial and was uncorroborated. However, " '(a) prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence, and is not limited in value only to impeachment purposes.' [Cits.]" *Berry v. State*, 268 Ga. 437, 438 (1) (490 SE2d 389) (1997). See also *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982). Thus, Wimberly's pre-trial statement constituted substantive evidence of White's guilt, and it was within the province of the jury to believe that statement and to reject Wimberly's testimony at trial. *Berry v. State*, supra. Furthermore, "the State is required to produce only slight corroborative evidence of [Wimberly's] participation in the crime[s]. [Cit.]" *Jones v. State*, 271 Ga. 433, 434 (520 SE2d 690) (1999). The jury could find that White's own statement, "which was replete with

details that only a participant in the crime would know, sufficiently corroborates the statement of [Wimberly] implicating [White] as a guilty party. [Cits.]" *Jones v. State*, supra.

Accordingly, we conclude that a rational trier of fact could find beyond a reasonable doubt that White was guilty as a party to the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Jones v. State*, supra; *McKenzie v. State*, 271 Ga. 47 (1) (518 SE2d 404) (1999); *Felder v. State*, supra; *Berry v. State*, supra.

2. Because the underlying attempted armed robbery merged into the felony murder conviction, the trial court erred in entering a separate judgment of conviction and sentence on the jury's verdict finding White guilty of attempt to commit armed robbery. *Mainer v. State*, 267 Ga. 448, 449 (4) (479 SE2d 731) (1997); *Hawkins v. State*, 267 Ga. 124 (2) (475 SE2d 625) (1996). Therefore, that separate judgment and sentence, even though not enumerated as error, must be vacated. *Curtis v. State*, 275 Ga. 576, 577 (1) (571 SE2d 376) (2002); *Mainer v. State*, supra at 450 (4); *Hawkins v. State*, supra.

*Judgments affirmed in part and vacated in part. All the Justices concur.*

DECIDED OCTOBER 12, 2004.

*Bernadette C. Crucilla*, for appellant.

*Howard Z. Simms, District Attorney, Gregory W. Winters, Assistant District Attorney, Thurbert E. Baker, Attorney General, Andrette Watson, Assistant Attorney General*, for appellee.