## A11A0159. REIDLING v. THE STATE.
(710 SE2d 903)

SMITH, Presiding Judge.

James Reidling appeals from his conviction for committing two counts of burglary. He asserts insufficient evidence supports his convictions and that the trial court erred by denying his request for a charge on the lesser included offense of criminal trespass. We disagree and affirm.

The State charged Reidling with committing two separate burglaries of a generator building on consecutive days: May 28 and May 29, 2008. Viewed in the light most favorable to the verdict, the record shows that the victim owned 33 acres of land with six chicken houses, a generator shed, and a mobile home on it.

A witness testified that on May 28, 2008, he went to the victim's property to spread chicken manure over a field on the property. When he pulled into the yard, he saw a blue or black van parked behind the mobile home "and a fellow coming out where the generator was at for the chicken houses that was on the farm." The man walked approximately 100 feet from the generator shed to the witness and asked if the mobile home was for rent before leaving in the van. Later that afternoon, the witness told the property owner's son about the man he had seen. The witness identified Reidling at trial as the man he saw leaving the generator shed.

The owner's son testified that when he went into the generator shed on May 28, 2008, he noticed that the fuel tank that hooked to the generator was missing, the radiator was half off, and electric and ground wires had been cut and were missing or damaged. When he was last in the generator shed a day or two before, nothing was missing.

On May 29, 2008, another witness testified that he went to the victim's property to talk about renting the mobile home, which he had rented in the past. When he arrived, he saw a small green Kia parked on the property and Reidling walking out of the generator building with an electric drill and a pair of pliers, one in each hand. The witness walked up to Reidling, who asked him if he owned the property. The witness responded that he did not own the property and that he was "fixing to rent the property" because there had been problems with wire theft on the property. Reidling replied, "I'm not stealing any wire or nothing. I'm just here to talk to the people that own the property." When Reidling walked away and left in the Kia, the witness wrote down his tag number and contacted the police.

The police investigated and located the green Kia, as well as a black Dodge van, and knocked on the door of the residence where they were parked. When they talked with Reidling, he admitted that he had been on the victim's property, but claimed that he went there

to speak with someone about renting the property. The owner's son testified that he did not know Reidling, had never talked with him, and did not plan for him to be on the property at any time.

1. We find this evidence sufficient to support Reidling's burglary convictions under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). "A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within . . . any other building, railroad car, aircraft, or any room or any part thereof." OCGA § 16-7-1 (a). "The crime is completed upon entry, and does not require that any property actually be taken." *Clark v. State*, 289 Ga. App. 612, 614 (1) (658 SE2d 190) (2008).

In this case, the jury was authorized to reject Reidling's explanation for his presence on the property, particularly when common sense dictates that entry of the generator shed located 100 feet away from the mobile home with an electric drill and a pair of pliers is not typical behavior for a person seeking to rent the home. See *Price v. State*, 303 Ga. App. 589, 591 (2) (693 SE2d 826) (2010) (concluding reasonableness of defendant's explanation that he was inside the home because he thought it was for sale was for jury).

2. We find no merit in Reidling's claim that he was entitled to a charge on the lesser included offense of criminal trespass. First, although Reidling's oral request for a charge on criminal trespass was considered by the trial court, its failure to so charge is not error in the absence of a written request from Reidling. *Young v. State*, 280 Ga. 65, 68 (10) (623 SE2d 491) (2005); *Shinholster v. State*, 262 Ga. App. 802 (586 SE2d 708) (2003). Second, we find no "substantial error in the charge which was harmful as a matter of law." OCGA § 5-5-24 (c). Because Reidling denied being on the property for an unlawful purpose and there was no evidence presented about the dollar amount of the damages, the requested charge on the lesser included offense of criminal trespass was not warranted. See OCGA § 16-7-21 (a) and (b) (1); *Moore v. State*, 280 Ga. App. 894, 898 (6) (c) (635 SE2d 253) (2006) (defendant not entitled to charge on criminal trespass under OCGA § 16-7-21 (b) (1) when he testified that he entered property for a lawful purpose); *Snipes v. State*, 257 Ga. App. 713, 714-715 (572 SE2d 62) (2002) (defendant not entitled to charge on criminal trespass under OCGA § 16-7-21 (a) when no evidence was presented as to the amount of damage done and whether it was more or less than $500).

*Judgment affirmed. Mikell and Dillard, JJ., concur.*

DECIDED JUNE 1, 2011.

*Jana M. Whaley*, for appellant.

*Robert W. Lavender, District Attorney, James W. Webb, Assistant District Attorney*, for appellee.